WAYNE COUNTY BOARD OF COMMISSIONERS v NATIONAL
UNION OF POLICE OFFICERS

1. ARBITRATION AND AWARD—SETTING ASIDE AWARD—ARBITRATOR
   EXCEEDING HIS POWER.

   An arbitration award should be set aside where the arbitrator
   has exceeded his power.

2. LABOR RELATIONS—COLLECTIVE BARGAINING—ARBITRATION AWARD
   —REFUSAL TO ENFORCE AWARD.

   Courts should refuse to enforce an arbitration award only where
   the record discloses that the arbitrator's award was not based
   upon an interpretation of the collective bargaining agreement
   but rather stemmed from the arbitrator's own personal brand
   of industrial justice.

3. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—GRIEV-
   ANCE PROCEDURES—REMEDY FOR BREACH—ARBITRATOR'S POWER
   TO FASHION REMEDY.

   An arbitrator's damage award to a union which had alleged that
   an employer systematically failed to abide by the grievance
   procedure in a collective bargaining agreement was not outside
   the arbitrator's authority where the arbitration provision of the
   collective bargaining agreement empowered the arbitrator to
   determine whether the terms of the agreement had been
   breached, even though the agreement was silent as to a remedy
   for failure to abide by the grievance procedure.

4. ARBITRATION AND AWARD—POWER OF ARBITRATOR—REMEDIES.

   Fashioning appropriate remedies is not outside the purview of an
   arbitrator where the arbitration agreement of the parties is
   silent as to remedies.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 167.
[2, 3] 48 Am Jur 2d, Labor and Labor Relations §§ 1246–1257.
[4, 6] 5 Am Jur 2d, Arbitration and Award § 90.
[5] 4 Am Jur 2d, Appeal and Error §§ 156–158.
   5 Am Jur 2d, Arbitration and Award § 145.
   Appealability of judgment confirming or setting aside arbitration
   award. 7 ALR3d 608.

5. APPEAL AND ERROR—ARBITRATION AWARD—FACTUAL QUESTIONS.

Factual questions are not a proper subject for judicial review when reviewing an arbitration award.

6. APPEAL AND ERROR—ARBITRATION AWARD—CONTRACTS—ERROR BY ARBITRATOR.

An arbitrator's wrong interpretation of a contract is irrelevant to a review of the arbitration award.

Appeal from Wayne, George T. Martin, J. Submitted January 10, 1977, at Detroit. (Docket No. 27000.) Decided May 3, 1977. Leave to appeal denied, 401 Mich 817.

Complaint by Wayne County Board of Commissioners against National Union of Police Officers, Local Union 502-M, for relief from an arbitrator's damage award. Award upheld and ordered implemented. Plaintiff appeals. Affirmed.

*Aloysius J. Suchy,* Corporation Counsel, and *William J. MacQueen,* Assistant Corporation Counsel, for plaintiff.

*Jenkins, Fortescue, Miller & Nystrom, P. C.* (by *Stephen J. Hitchcock),* for defendant.

Before: M. J. KELLY, P. J., and N. J. KAUFMAN and D. F. WALSH, JJ.

N. J. KAUFMAN, J. We are called upon in the instant case to determine the propriety of a grant of summary judgment by the Wayne County Circuit Court to Local 502 (Union) ordering the board of commissioners (Employer) to implement a grievance arbitration award. For reasons to be articulated below, we conclude that the circuit court correctly granted summary judgment to the Union.

The subject matter of this litigation began when the Union filed a grievance against the Employer,

charging a systematic abuse of the grievance procedure apparatus. Specifically, the Union alleged that the Employer had engaged in repeated flagrant and willful failures to file written responses to grievances at steps 4 and 5[1] of the grievance procedure. Moreover, the Union pointed out that numerous prior arbitration awards had admonished the Employer that should it continue this particular course of conduct, damages would be awarded. Additionally, specific documentation of other instances wherein the same course of conduct was utilized by the Employer were presented. The result of these actions, the Union asserted, was that it had to take each and every grievance to arbitration, as none could be settled or determined to be meritless at the lower step of the grievance procedure. As a result of these actions, the Union sought actual and punitive damages.

Responding to the issues before him, the arbitrator, in a lengthy opinion, ruled that due to the persistent flagrant and willful failures of the Employer to follow the terms of the grievance procedure, prior to arbitration, the Employer was obligated to pay as actual damages the sum of $27,-816. This amount represented the arbitration

[1] "STEP 4. If not settled at Step 3, the grievance may be referred to the Sheriff; policy grievance shall also be instituted at this step. A meeting between the Sheriff and/or his designated representative(s) and the Grievance Committee of the Union and the grieving party(ies) shall be held within five (5) days after referral to the Sheriff, to discuss grievance. If not satisfactorily adjusted at this meeting, the Sheriff shall give his written answer within ten (10) days of the meeting. The Union's Grievance Committee shall be composed of three members. This shall not preclude a representative of the Union Council and/or International Union from being a party to the grievance meeting.

"STEP 5. If the grievance is still unsettled after step 4, it shall be presented in writing by the Local Union President (with copies of all previous written communications) within five (5) days to the Wayne County Labor Relations Board. The Wayne County Labor Relations Board shall give its disposition in writing, after meeting with the Union's representatives, within ten (10) days to both parties."

costs, other than for the instant arbitration, borne by Local 502 during the contract years 1972–1974 to secure contractual compliance by the Employer, attorney fees paid by the Union solely incident to grievance arbitration, and the "unusual and excessive administration costs incurred by the union to process and appeal grievances through arbitration to the courts". He further determined that it would be inappropriate for him at this juncture to grant punitive damages. This conclusion was based upon the fact that a previous arbitrator's award "retained jurisdiction over the parties for a period of six months to determine if punitive damages will be a necessary remedy for continued employer violations" of the aforementioned provisions of the collective bargaining agreement.

From this award, the Employer sought relief in circuit court. Instead, as noted above, the circuit judge ordered implementation of the award.

The Employer raises only two questions on this appeal:

*"I. Did the circuit court err as a matter of law by ruling that the actual damages of $27,816 awarded in grievance arbitration bears a reasonable relationship to the determined breach and therefore are within the jurisdiction and authority of the arbitrator?*

*"II. Did the circuit court err as a matter of law by ruling that the award of arbitrators' fees does not contravene the express language of the collective bargaining agreement and is therefore within the arbitrator's jurisdiction and authority?"*

We begin our inquiry of these questions fully aware that where the arbitrator has exceeded his power, the award must be set aside. The standard which we are to utilize in making this determination was clearly stated in *Local 1511 of AFSCME,*

*AFL-CIO v Grand Lodge of Free and Accepted Masons of the State of Michigan,* 48 Mich App 11, 18; 209 NW2d 823 (1973), *lv den* 390 Mich 792 (1973):

"It is only when the record discloses that the arbitrator's award was not based upon an interpretation of the collective bargaining agreement but rather stemmed from the arbitrator's own personal brand of industrial justice that courts will refuse to enforce the arbitration award. *United Steelworkers of America v Enterprise Wheel & Car Corp,* 363 US 593; 80 S Ct 1358; 4 L Ed 2d 1424 (1960)."

Article VII of the collective bargaining agreement, the basic arbitration provision, provides, in part, that:

"STEP 6. Any unresolved grievance relating only to the interpretation, application, or enforcement of a specific article or related sub-section of this Agreement, or any supplementary agreement thereto, having been fully processed through Step 5, may be submitted to arbitration by either party in strict accordance with the following:

\* \* \*

"(c) The arbitrator shall limit his decision strictly to disciplinary action, interpretation, application, or enforcement of specific article and section of this contract and shall not render a decision inconsistent with modifying or varying in any way the terms of this Contract. There shall be no appeal from the decision of the arbitrator if made in accordance with his jurisdiction and authority under this Agreement. It shall be final and binding on the Employer, on all bargaining unit employes, and upon the Union."

Simply stated, it is clear that it is the Employer's position that, even though the arbitration provision empowered the arbitrator to determine

that the Employer had breached the terms of the collective bargaining agreement by their action or inaction at steps 4 and 5 of the grievance procedure, the parties nevertheless failed to agree on the remedies which were to be utilized by the arbitrator to rectify such a breach; therefore, the arbitrator lacked the authority to grant the damages which he awarded to the Union.

Concededly, in the instant case the agreement is silent as to the remedy which can be devised for the failure of the employer to abide by the step-by-step grievance procedure. This does not end our inquiry, however. In *Tobacco Workers International Union, Local 317 v Lorillard Corp,* 448 F2d 949, 955–956 (CA 4, 1971), the Court of Appeals for the Fourth Circuit discussed the power of the arbitrator to fashion remedies where the contract is silent:

"But the agreement contains no provision for any kind of remedy in cases involving promotions. *Carried to its logical conclusion, the Company's argument would mean that an arbitrator would have jurisdiction to determine that the Company had violated the seniority provisions with respect to promotions, but would have no authority to direct the Company to correct its violation. Arbitration would thus be rendered meaningless. Yellow Cab Co. v. Democratic Union Organizing Committee Local 777,* 398 F.2d 735 (7th Cir. 1968), *cert. denied,* 393 U.S. 1015, 89 S. Ct. 619, 21 L. Ed. 2d 561 (1969).

"While a contract may contain provisions detailing what remedies should be applied to compensate for a particular breach, labor contracts, like other contracts, commonly do not. Part of what the parties bargain for when they include an arbitration provision in a labor agreement is the 'informed judgment' that the arbitrator can bring to bear on a grievance, especially as to the formulation of remedies. *United Steelworkers of*

*America v. Enterprise Wheel & Car Corp,* 363 US 593, 597, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960). Therefore, we conclude that, *although the agreement is silent as to remedies, the fashioning of an appropriate remedy is not an addition to the obligations imposed by the contract."* (Emphasis added.)

So, too, we decide in the instant case. Where we are presented with such a standard type of arbitration clause, we can hardly conclude that the ability to fashion appropriate remedies is outside the purview of the arbitrator.[2]

Additionally, we think it important to point out that the Employer cannot attempt to argue, under the guise of lack of authority, the question of whether the damages awarded were causally related to the determined breach. This is a factual question for the arbitrator to determine, and is not a proper subject of judicial review. See *Ferndale Education Association v School District for the City of Ferndale #1,* 67 Mich App 637; 242 NW2d 478 (1976).

The Employer's next contention is equally without merit. The following language is relied upon to show that the express terms of the agreement were disregarded:

"The expenses of the arbitrator shall be shared equally by the parties. The arbitrator shall not consider any evidence submitted by either party which was not produced in the Grievance Procedure unless such evidence has not been known to the party submitting the proposed new evidence."

---

[2] *See International Union of Electrical Radio & Machine Workers, AFL-CIO v National Labor Relations Board,* 163 US App DC 347; 502 F2d 349 (1974), and the authorities cited therein, where the NLRB has fashioned appropriate remedies when faced with a company's persistent recalcitrance manifested by the continual raising of frivolous defenses before the board. Also, note *Litton Systems v Local No 522,* 90 LRRM 3176 (1975).

It appears that the arbitrator interpreted this clause to foreclose the grant of the expenses of the arbitration only in the particular case being heard; accordingly, he did not give the Union arbitration costs for the instant arbitration. Again, while this interpretation of the contract may have been incorrect, "[t]he fact that an arbitrator's interpretation of a contract is wrong is irrelevant". *Ferndale,* at 643.

Accordingly, we affirm. Costs of this appeal to the Union.