MICHIGAN ASSOCIATION OF POLICE v CITY OF PONTIAC

Docket No. 108111. Submitted April 6, 1989, at Lansing. Decided June
20, 1989. Leave to appeal applied for.

   Plaintiff Edward Stroman was discharged from employment as a
   police officer for defendant, City of Pontiac, for various alleged
   violations of Pontiac Police Department rules. In accordance
   with the grievance procedures provided by the collective bar-
   gaining agreement between the city and Stroman's union,
   plaintiff Michigan Association of Police, plaintiffs' complaint,
   that the discharge sanction was excessive, unjust and decided
   without due process, was heard by an arbitrator. The arbitrator
   found that Stroman was guilty of the violations as charged and
   also that the city violated various contract provisions relating
   to the providing of notice of the charges and a prompt hearing.
   Stating that he was fashioning a remedy which would disci-
   pline both the city and Stroman, the arbitrator ordered that
   Stroman be reinstated without back pay on a probationary
   "last chance" basis for the next six months and that Stroman
   had to accept reemployment under these conditions within
   seven days or his discharge would be upheld. Plaintiffs then
   brought an action in the Oakland Circuit Court alleging that
   the arbitrator exceeded his authority and seeking an injunction
   to suspend enforcement of the seven-day limitation period.
   Defendant counterclaimed for enforcement of the arbitration
   award. The trial court, Norman L. Lippitt, J., ordered enforce-
   ment of the seven-day requirement stayed, denied defendant's
   motion to disqualify the judge for alleged bias and, thereafter,
   found that the arbitrator had clearly exceeded his authority in
   requiring Stroman to work an additional six months on proba-

REFERENCES

Am Jur 2d, Judges §§ 166 *et seq.*, 185-188, 217, 220, 222; Labor and
   Labor Relations §§ 1838 *et seq.*
Disqualification of judge for bias against counsel for litigant. 23
   ALR3d 1416.
Prior representation or activity as attorney or counsel as disqualify-
   ing judge. 72 ALR2d 443.
Breach or repudiation of collective labor contract as subject to, or
   as affecting right to enforce, arbitration provision in contract. 29
   ALR3d 688.

tion. The court entered an order vacating that portion of the arbitrator's decision which provided for a six-month probation period. Defendant appealed.

The Court of Appeals *held:*

1. The circuit court did not abuse its discretion in denying the motion to disqualify the trial judge. There was no evidence that the judge was biased in favor of plaintiffs or against defendant, or that his former law firm ever represented the plaintiff union.

2. The collective bargaining agreement cannot be construed as prohibiting additional probation under the circumstances presented in this action. The arbitrator's imposition of an additional six-month term of probation as a condition of reinstatement remains true to the essence of the contract. The arbitrator's decision is to be reinstated on remand.

Reversed and remanded.

1. JUDGES — DISQUALIFICATION OF JUDGES — APPEAL.

The party moving for the disqualification of a judge bears the burden of proving bias or prejudice; an order denying disqualification will be reversed only where it is apparent that the court abused its discretion.

2. JUDGES — DISQUALIFICATION OF JUDGES.

A judge should be disqualified when he cannot impartially hear a case because he is personally biased or prejudiced for or against a party or attorney (MCR 2.003[B][2]).

3. JUDGES — DISQUALIFICATION OF JUDGES.

A judge should be disqualified where he was an attorney for a party or a member of a law firm representing a party within the preceding two years (MCR 2.003[B][4]).

4. ARBITRATION — COLLECTIVE BARGAINING — APPEAL.

An arbitrator's source of authority for resolving a collective bargaining agreement dispute is the parties' contractual agreement; independent of the contract, the arbitrator does not have general jurisdiction to resolve such disputes; judicial review of an arbitrator's decision is limited where it draws its essence from a collective bargaining agreement and, in such instances, a court may not review an arbitrator's factual findings or decision on the merits.

5. ARBITRATION — COLLECTIVE BARGAINING — REMEDIES.

An arbitrator resolving a collective bargaining agreement dispute is free to fashion a remedy which considers the relative faults

of the parties if not specifically limited by the terms of the agreement.

6. ARBITRATION — COLLECTIVE BARGAINING — REMEDIES.

When the parties to a collective bargaining agreement agree to submit a matter to arbitration they invest the arbitrator with sufficient discretion to resolve their dispute in a manner which is appropriate under the circumstances; an arbitrator does not add to the obligation contractually assumed by the parties by fashioning a remedy which is appropriate under the circumstances where the agreement is silent as to permissible remedies.

*Hiller, Hoekenga & Amberg* (by *Daniel J. Hoekenga*), for plaintiffs.

*John C. Claya*, Deputy City Attorney, for defendant.

Before: MICHAEL J. KELLY, P.J., and GILLIS and CYNAR, JJ.

PER CURIAM. Defendant appeals as of right from the circuit court's order partially vacating and modifying an arbitration award. On appeal, defendant asserts that the circuit judge should have disqualified himself from the case and erred in finding that the arbitrator exceeded his authority in fashioning a remedy. We reverse.

Plaintiff Stroman was employed as a police officer by defendant City of Pontiac and was represented by plaintiff Michigan Association of Police (union). Plaintiff Stroman was discharged for various violations of the Pontiac Police Department's rules which allegedly occurred in the course of the quelling of a disturbance at a local bar. In accordance with the grievance procedures provided by the collective bargaining agreement between the city and the union, plaintiffs' complaint, that the discharge sanction was excessive, unjust and decided without due process, was heard by an arbi-

trator chosen by the parties. Following a hearing, the arbitrator found that both the city and Stroman were at fault. In an opinion and order, the arbitrator found that, while Stroman was guilty of the violations as charged, the city also violated various contract provisions relating to providing notice of the charges and a prompt hearing. The arbitrator stated that had it not been for the city's procedural errors he would have upheld the discharge. However, stating that he was fashioning a remedy which would discipline both the city and Stroman, the arbitrator ordered that Stroman be reinstated without back pay on a probationary "last chance" basis for the next six months. The arbitrator also ordered that Stroman had to accept reemployment under these conditions within seven days or his discharge would be upheld.

Plaintiffs filed the instant action in Oakland Circuit Court, complaining that the arbitrator exceeded his authority when he ordered that Stroman return to work on probation. Plaintiffs alleged that Stroman's probationary period under the collective bargaining agreement had expired. Plaintiffs further alleged that the collective bargaining agreement provided that each employee serve a one-year probationary period which could be extended an additional six months and that an arbitrator has no authority to make any award which is inconsistent with the collective bargaining agreement. Plaintiffs asserted that, by extending Stroman's probationary period beyond the maximum specified in the parties' agreement, the arbitrator exceeded his authority and the award should not be enforced. Plaintiffs also sought injunctive relief to suspend enforcement of the seven-day limitation period for accepting reinstatement until it could be decided if Stroman was required to return to work on a probationary

basis. Plaintiff Stroman alleged that he presently had other employment and feared that if he returned to work for the city as a probationary officer he would not be entitled to application of the "just cause" provision of the contract and would likely be fired immediately upon his return to work.

Defendant admitted to plaintiffs' statement of the contract terms but denied that the arbitrator's award was inconsistent with the contract terms. Defendant also denied plaintiffs' allegation with respect to the fear that Stroman would be fired immediately. Defendant also counterclaimed for enforcement of the arbitration award.

On January 8, 1988, the trial judge, Norman L. Lippitt, ordered that enforcement of the arbitrator's condition that plaintiff Stroman return to work within seven days of the award be stayed until further order of the court. Thereafter, defendant moved to disqualify Judge Lippitt because of his alleged bias. Defendant alleged that Judge Lippitt should disqualify himself because, before becoming a circuit judge, he was a member of the law firm that represented the Detroit Police Officers Association and was a personal friend of the former president of the association, Carl Parsell. Defendant further contended that Parsell helped organize and continued to serve as a consultant to the plaintiff union. The motion was accompanied by the affidavit of the Chief of Police of the City of Pontiac, Reginald M. Turner, Sr., attesting to the alleged relationship between Judge Lippitt, Carl Parsell and the union. Plaintiffs' response to the motion was accompanied by the affidavit of Carl Parsell denying that he was a personal friend of Judge Lippitt and stating that neither Judge Lippitt nor his former law firm had ever represented him or the plaintiff union.

Following a hearing, Judge Lippitt denied defendant's motion, stating that Carl Parsell had not spoken to him in fifteen to twenty years. Judge Lippitt further denied that he had ever represented the Detroit Police Officers Association in collective bargaining matters. Defendant appealed Judge Lippitt's refusal to disqualify himself to Chief Judge Robert C. Anderson, who heard arguments, took the motion under advisement, and denied the motion to disqualify Judge Lippitt.

After hearing arguments on the merits of the instant action, Judge Lippitt found that the arbitrator had clearly exceeded his authority by fashioning a remedy which required plaintiff Stroman to work an additional six months on probation. Judge Lippitt held that the imposition of an additional six months of probation was clearly inconsistent with the terms of the collective bargaining agreement. The circuit court entered an order vacating that portion of the arbitrator's decision which provided for the six-month probation period.

Defendant contends that the circuit court judge should have disqualified himself pursuant to MCR 2.003(B)(2), when read in conjunction with the Code of Judicial Conduct, Canon 2, § A. We disagree.

A trial judge should be disqualified when the judge cannot impartially hear a case. MCR 2.003(B)(2) provides that a judge should be disqualified if the judge is personally biased or prejudiced for or against a party or attorney. MCR 2.003(B)(4) provides for disqualification where the judge was an attorney for a party or a member of a law firm representing a party within the preceding two years. The moving party bears the burden of proving bias or prejudice and an order denying disqualification will be reversed only where it is apparent that the court abused its discretion. *People v Bero,*

168 Mich App 545, 549; 425 NW2d 138 (1988); *Czuprynski v Bay Circuit Judge,* 166 Mich App 118, 124; 420 NW2d 141 (1988).

In the instant case, there was no evidence of record showing that the circuit court judge was biased in favor of plaintiffs or against defendant, or that his former law firm ever represented the plaintiff union. Therefore, we find that the circuit court did not abuse its discretion in denying defendant's motion for disqualification.

Defendant further contends that the circuit court erred by determining that the arbitrator exceeded his authority under the collective bargaining agreement.

An arbitrator's source of authority for resolving a collective bargaining agreement dispute is the parties' contractual agreement. Independent of the contract, the arbitrator does not have general jurisdiction to resolve such disputes. Judicial review of an arbitrator's decision is limited where it draws its essence from a collective bargaining agreement. In such instances, a court may not review an arbitrator's factual findings or decision on the merits. *Port Huron Area School Dist v Port Huron Ed Ass'n,* 426 Mich 143, 150; 393 NW2d 811 (1986).

In this case, the arbitrator's authority was expressed by Article 6.5 of the contract which states in part:

> The Arbitrator shall limit the award to the interpretation, application, or enforcement of this Agreement, and the Arbitrator shall be without power or authority to make any award contrary to, or inconsistent with, or modifying or varying in any way, or adding to or subtracting from this Agreement.

Article 7.1 of the same agreement provides in part:

> Seniority of a new officer shall, except as otherwise provided in this Article, commence after the officer has completed a probationary period of twelve (12) months and shall be retroactive from the date of last employment as an officer in the Department. The probationary period may be extended up to an additional six (6) months.

It is accepted that an arbitrator, if not specifically limited by the terms of the collective bargaining agreement, is free to fashion a remedy which considers the relative faults of the parties. See *Zeviar v Local No 2747, Airline, Aerospace & Allied Employees,* 733 F2d 556 (CA 8, 1984) (employee reinstated but with only half of lost wages because she was also at fault), and *Air Line Pilots Ass'n, International v Eastern Air Lines, Inc,* 632 F2d 1321 (CA 5, 1980) (reinstatement without full benefits upheld). In *Brotherhood of Railway, Airline & Steamship Clerks v Kansas City Terminal Railway Co,* 587 F2d 903, 906-907 (CA 8, 1978), cert den 441 US 907; 99 S Ct 1997; 60 L Ed 2d 376 (1979), the court, quoting *Diamond v Terminal Railway Alabama State Docks,* 421 F2d 228, 233 (CA 5, 1970), stated the test as "not whether the reviewing court agrees with the Board's interpretation of the bargaining contract, but whether the remedy fashioned by the Board is rationally explainable as a logical means of furthering the aims of that contract." See also *Walsh v Union Pacific R Co,* 803 F2d 412 (CA 8, 1986), cert den 482 US 928; 107 S Ct 3213; 96 L Ed 2d 699 (1987).

The Supreme Court reaffirmed this broad grant of authority to labor arbitrators in *United Paperworkers International Union, AFL-CIO v Misco,*

*Inc,* 484 US —; 108 S Ct 364, 371; 98 L Ed 2d 286, 299 (1987), stating:

> As the Court has said, the arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.

When parties agree to submit a matter to arbitration, they invest the arbitrator with sufficient discretion to resolve their dispute in a manner which is appropriate under the circumstances. Where the collective bargaining agreement is silent as to permissible remedies, an arbitrator does not add to the obligations contractually assumed by the parties by fashioning a remedy which is appropriate under the circumstances. *Wayne Co Bd of Comm'rs v National Union of Police Officers,* 75 Mich App 375, 381; 254 NW2d 896 (1977), lv den 401 Mich 817 (1977).

In the instant matter, the contract provision which specifies the length of probationary period for new employees does not specifically limit the probation period to eighteen months. Furthermore, even if the provision is construed as limiting an employee's probationary period to a maximum period of eighteen months, it cannot be construed as prohibiting additional probation under the circumstances presented here. In this case, Stroman was found guilty of rule violations which would have justified his discharge. Under these circumstances, the arbitrator's imposition of an additional six-month term of probation as a condition

upon reinstatement remains true to the essence of the contract. To hold otherwise would be to require the arbitrator to choose between the extremes of discharge or total exoneration, a course which would remove the flexibility in fashioning remedies which is one of the arbitrator's chief advantages for the amicable settlement of labor disputes.

Reversed and remanded for reinstatement of the arbitrator's decision. We do not retain jurisdiction.