# STATE OF MICHIGAN

# COURT OF APPEALS

---

In re RICHARD L MCCLISH REVOCABLE TRUST.

---

SCOTT MCCLISH and ROBIN SCHWENK,

          Appellants/Cross-Appellees,

v

TODD MCCLISH and PENNY MCCLISH,

          Appellees/Cross-Appellants.

UNPUBLISHED
January 26, 2016

No. 323384
St. Joseph Probate Court
LC No. 14-000010-TV

---

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Appellants/cross-appellees Scott McClish and Robin Schwenk (hereafter, collectively "appellants," individually "Scott" and "Robin") appeal by right the trial court's order granting appellees/cross-appellants Todd McClish's and Penny McClish's (hereafter, collectively "appellees," individually "Todd" and "Penny") motion for the dismissal of appellants' petition for the rescission and/or reformation of the Richard L. McClish Revocable Trust[1] as a discovery sanction. In their cross-appeal, appellees appeal the trial court's denial of reasonable expenses, including attorney fees, related to depositions that appellants failed to attend. We reverse the trial court's dismissal of appellants' petition, vacate the trial court's denial of appellees' request for reasonable expenses, including attorney fees, and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On January 13, 2014, appellants petitioned the trial court for the rescission and/or reformation of the trust. The parties stipulated that the discovery period would end on September 14, 2014. In May and June 2014, respectively, Todd and Penny filed motions for a protective order, asserting that they should not have to respond to certain of appellants'

---

[1] The settlor of the trust was Richard McClish, the deceased father of the parties to this appeal.

-1-

interrogatories and requests for production of documents on the ground that they were irrelevant and/or outside the proper scope of discovery. A hearing on those motions was originally scheduled for June 17, 2014; however, it was later rescheduled for August 11, 2014. There is no indication in the record provided to this Court regarding why the trial court postponed the hearing, nor does the record reflect that the hearing was adjourned at the request of any party. On June 6, 2014, Todd's counsel subpoenaed Scott to be deposed on July 22, 2014, and Robin to be deposed on July 23, 2014. Email correspondence of record indicates that appellants' counsel agreed to those deposition dates.

On July 20, 2014, appellants' counsel notified appellees' attorneys via facsimile correspondence that appellants would not attend their depositions. Appellants' counsel gave as a reason the trial court's delay in hearing appellees' motions for protective orders regarding appellants' interrogatories and requests for production. Additionally, appellants' counsel stated that Scott had been severely injured a couple weeks before while burning storm debris on his property and had suffered second-degree burns to his legs, side, and face. Appellants' counsel stated that he would "provide alternate dates for the depositions to be taken well before the close of Discovery on September 14, 2014."

The following morning, July 21, 2014, Todd's counsel sent appellants' counsel an email. In the email, Todd's counsel stated:

> I am unwilling to agree to adjourn the depositions scheduled for July 22 and 23. There is no court rule that permits you to unilaterally adjourn previously schedule [sic] depositions. I expect you and your clients to be present. Failure of a witness to appear in response to a subpoena will result in my seeking an order to show cause. Failure of a party to appear in response to a notice to be disposed [sic] will result in my asking the court for sanctions and to dismiss your petition. I will be at the deposition site tomorrow morning at 9am.

Neither Scott nor Robin appeared at the scheduled deposition times. Todd subsequently moved the trial court for sanctions and for dismissal of the petition with prejudice because of appellants' failure to attend their depositions, and for costs and attorney fees related to appellants' failure to attend. Penny later joined Todd's motion, submitting her own request for sanctions in the form of costs and attorney fees. After Todd's motion was filed, appellants moved the trial court to either reschedule Scott and Robin's depositions or extend the time for discovery, the first such request for an extension made by either party. The motion stated that the date chosen by Todd's counsel for rescheduled depositions, August 26, 2014, did not work for appellants' counsel due to prior court hearings. Further, the motion stated that Todd's counsel had indicated he was not available on several dates on which appellants' counsel was available because he would be travelling out of the country. The trial court heard the motions on August 18, 2014, and subsequently denied appellants' motion and dismissed appellants' petition, but refused to order sanctions in the form of attorney fees or expenses. This appeal and cross-appeal followed.

## II. DISMISSAL OF PETITION

Appellants argue that the trial court erred in dismissing their petition as a sanction for a discovery violation. We agree. "A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007).

The trial court concluded that appellees were entitled to the dismissal of appellants' petition under MCL 2.313(D)(1), which provides in relevant part:

If a party . . . fails

(a) to appear before the person who is to take his or her deposition, after being served with a proper notice;

* * *

on motion, the court in which the action is pending may order such sanctions as are just. Among others, it may take an action authorized under [MCR 2.313](B)(2)(a), (b), and (c).

Dismissal of an action is a sanction available to a trial court under MCR 2.313(B)(2)(c). However, "[b]ecause the imposition of sanctions is discretionary, the trial court should carefully consider the circumstances of the case to determine whether a drastic sanction, such as dismissing a claim, is appropriate." *Richardson v Ryder Truck Rental, Inc*, 213 Mich App 447, 451; 540 NW2d 696 (1995). Before imposing the sanction of dismissal, the trial court should consider the following nonexhaustive list of factors:

(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vincencio v Ramirez*, 211 Mich App 501, 511; 536 NW2d 280 (1995), quoting *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990).]

"[T]he record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Dean*, 182 Mich App at 32. "Before imposing dismissal as a sanction, the trial court must carefully evaluate all available options on the record and conclude that dismissal is just and proper." *VandenBerg v VandenBerg*, 231 Mich App 497, 502; 586 NW2d 570 (1998).

Here, the trial court found that appellants provided appellees with actual notice that they would not be attending the depositions as scheduled, but that appellants did not attempt to either timely cure their failure to attend their depositions or to reschedule their depositions to occur before the scheduled close of discovery. The record also indicates that the trial court found that appellants' violation was willful. However, there is no indication in the record that the trial court considered whether appellants had a history of failing to provide discovery, of failing to comply

with other court orders, of deliberately delaying proceedings, or whether appellees had been prejudiced. Regarding the consideration of lesser sanctions, the trial court stated:

> In this case, I think it—you have the same outcome if I were to try to strike portions of [appellants'] pleadings because of their refusal to attend the depositions. That doesn't really make sense in this particular case.
>
> The Court could stay further proceedings and allow this to—to go forward and order sanctions as parts of it, but again, I—I—this is a time that was agreed upon by the parties and I find no sufficient reasons that were given to not go forward and no contacts or attempts to—to do anything to accommodate what needed to be done—taking depositions in a—in a proper time frame.
>
> As a matter of fact, now, we have also pending the motion that would set—reset these depositions, but would allow—would require the Court to go beyond the time that we had established for discovery. While that could be done, I think it's unreasonable in this particular case to do that. This case started I believe back in April and it is now August the 18th.
>
> While this may be a rather—thought of as a rather harsh outcome, I don't think under the circumstances it is.

The fact that the trial court did not consider four factors that appear to weigh against its conclusion that dismissal of appellants' petition was appropriate in this case indicates that the trial court did not fully give "careful consideration" to the factors involved in this case. *Dean*, 182 Mich App at 32. We note that appellants had no history of delay or failure to comply with discovery and that they indeed sought to reschedule their depositions before the close of discovery. Additionally, it is unclear how appellees would have been prejudiced by rescheduling the depositions and, if necessary because of mutually incompatible schedules of counsel, extending the discovery period to take these depositions. Further, although the trial court did make a statement concerning lesser sanctions, it did not adequately explain why the interests of justice would not be served by imposing a lesser sanction and extending the discovery period due to the (apparently mutual) conflicts in rescheduling the depositions. We therefore conclude that the trial court abused its discretion in imposing the most severe sanction for appellants' discovery violation. See *Dean*, 182 Mich App at 33-35. We reverse the trial court's dismissal of the petition and remand for consideration of lesser sanctions with full consideration of the *Vicencio* factors.[2]

---

[2] Appellants also argue that reversal is warranted because the trial court was biased against them. However, there is no indication that the affidavit appellants cite in support of their claim of bias was presented to the trial court. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). Further, although the affidavit indicates that the trial judge had previously represented Penny in an unrelated lawsuit, nothing in the affidavit

III.  DENIAL OF REASONABLE EXPENSES

Next, appellees argue in their cross-appeal that the trial court erred in failing to grant them reasonable expenses, including attorney fees, under MCR 2.313(D)(2), caused by appellants' failure to attend their depositions.  We decline to consider this issue at this time.  Instead, and because we are reversing the trial court's imposition of the ultimate sanction of dismissal and are remanding for the trial court to consider lesser sanctions, we conclude that this issue is properly subsumed within the scope of our remand.  We therefore vacate the trial court's order denying reasonable expenses, including attorney fees, and direct the trial court to again consider this issue in the context of its considerations on remand.

Reversed in part, vacated in part, and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey

---

indicated that representation occurred during the previous two years, as necessary for disqualification under MCR 2.003(C)(1)(e). *Mich Ass'n of Police v Pontiac*, 177 Mich App 752, 757; 442 NW2d 773 (1989).  Moreover, appellants have shown no actual bias. *Cain v Mich Dep't of Corrections*, 451 Mich 470, 495; 548 NW2d 210 (1996).  Appellants have thus failed to demonstrate plain error with respect to the trial court's alleged bias. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010).