■ In the Matter of the Arbitration between ALFRED EISENSTEIN, Respondent, and HARRY REDNICK et al., Appellants.— Order and judgment unanimously reversed on the law, without costs; the cross motion to vacate the awards is granted, and the controversy between the parties is remanded for an arbitration *de novo* before the American Arbitration Association. After an arbitration award had been made in favor of petitioner in the sum of $4,922.45, petitioner moved to modify the award and to enter judgment upon the award, as modified. Modification of the award was predicated upon a contention that the arbitrators had failed to include an item of $1,000 to which petitioner was entitled. However, it clearly appeared that no claim had been made before the arbitrators for the $1,000; and, in fact, petitioner had neglected to inform its own attorney about the matter. Respondent-appellant made a cross motion to vacate the award. · The motion to modify was granted to the " extent of remanding to the arbitrators the issue as to the award and the award should be increased by the sum of $1,000 ". Thereafter, the arbitrators increased the award; and petitioner's motion to confirm the award, as modified, was granted. Special Term had no power to remand the issues to the arbitrators. Once the arbitrators made their award they became *functus officio* and " without any power to alter or modify or do any other act under the submission ". (*Herbst* v. *Hagenaers*, 137 N. Y. 290, 294; 3 Am. Jur., Arbitration & Award, § 93.) The Civil Practice Act (§ 1462-a, subd. 1) gives the court the power to modify or correct an award where there has been an " evident miscalculation of figures ". Quite obviously that was not the situation here, for the arbitrators were not even presented with any evidence as to the $1,000 item. Neither party has contended that the original award be confirmed. Hence, it seems appropriate that the entire controversy should be remanded for a new arbitration. Concur — Botein, P. J., M. M. Frank, Valente, Stevens and Bastow, JJ.

■ P. ANTOINETTE SUPPLEE v. WALTER S. HALLANAN.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ In the Matter of DURALITE COMPANY, INC., against LOCAL 222, METAL, PLASTICS, MISCELLANEOUS SALES, NOVELTY AND PRODUCTION WORKERS. — Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.

■ BEN RUBIN, Doing Business as ISLAND FACTORS COMPANY v. FREEMAN ELECTRIC CONSTRUCTION Co., INC., et al.— Motion, insofar as it seeks leave to appeal to the Court of Appeals granted, and otherwise denied. The following question should be certified: " Was the order of Special Term granting plaintiff's motion for issuance of an execution against the person of the defendant, Maurice Freeman, improperly made?" Settle order. Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.