WHITAKER v SETH E GIEM & ASSOCIATES, INC

Docket No. 77-513. Submitted June 14, 1978, at Grand Rapids.—
Decided September 5, 1978.

W. Stanley Whitaker commenced an action against Seth E. Giem
& Associates, Inc., G-W Enterprises, Giem & Whitaker and
Seth E. Giem and Seth E. Giem, II, to dissolve the corporate
entities of Seth E. Giem & Associates, G-W Enterprises and the
co-partnership of Giem & Whitaker, and for an accounting of
the dealings and transactions of the corporations and the co-
partnership, and for payment from the individual defendants of
whatever sums are determined to be due to the plaintiff, if any,
as determined by the accounting. To save expenses, the parties
entered into an agreement to arbitrate their differences. Two of
the three arbitrators decided all issues informally and issued
their opinion. This opinion was subsequently confirmed by the
Kalamazoo Circuit Court, Raymond W. Fox, J., over the objec-
tions of the defendants that the requirements of statutory
arbitration had not been met. The trial court did not reach the
issue of whether the arbitration was statutory or common law.
Defendants Seth E. Giem and Seth E. Giem, II, appeal. *Held:*

1. It is clear that the parties intended to resolve their dispute
through arbitration. The fact that the trial court did not reach
the issue of whether the arbitration was statutory or common
law is insignificant since the result of a defective statutory
arbitration is a common-law arbitration and the ultimate result
would be the same.

2. The arbitrators did not violate their duties as set forth in
the arbitration agreement.

Affirmed.

1. ARBITRATION AND AWARD—ARBITRATION AGREEMENT—STATUTORY
ARBITRATION AGREEMENT—COMMON-LAW ARBITRATION AGREE-
MENT.

An arbitration agreement will be held to be a common-law

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 17.
[2] 5 Am Jur 2d, Arbitration and Award §§ 11–15.

arbitration agreement where the agreement to arbitrate is found not to be in conformity with statutory requirements.

2. ARBITRATION AND AWARD—ARBITRATION AGREEMENT—LAW OF THE CASE.

An agreement of arbitration constitutes the law of the case in an arbitration proceeding and the arbitrators must follow the guidelines set forth in the four corners of the document itself.

*Adams, Burgie, Scott, Ritter & Dornbos, P. C.,* for plaintiff.

*Dennis S. McCune,* for defendants on appeal.

Before: D. E. HOLBROOK, JR., P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

PER CURIAM.' Plaintiff filed suit to dissolve defendant corporations and requested an accounting. To save expenses, the parties entered into an agreement to arbitrate their differences. Two of the three arbitrators decided all issues informally and issued their opinion. Such opinion was subsequently confirmed by the trial court over defendants' objection that the requirements of statutory arbitration had not been complied with. MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq.* The trial court did not reach the issue of whether the arbitration was statutory or common law. Defendants appeal.

The first issue to be resolved on appeal is whether the arbitration agreement contracted for by the parties was statutory or common-law arbitration. Plaintiff admits that statutory arbitration procedures were not followed but denies that statutory arbitration was intended. Defendants claim that statutory arbitration was intended. It is clear that arbitration was intended by both parties as

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the method to resolve the dispute. Where an agreement to arbitrate is found not to be in conformity with statutory requirements, it will be held to be a common-law arbitration agreement. *Frolich v Walbridge-Aldinger Co,* 236 Mich 425, 429; 210 NW 488 (1926), *Stadel v Granger Brothers, Inc,* 4 Mich App 250, 258; 144 NW2d 609 (1966). Moreover, the fact that the trial court did not reach the issue of whether the arbitration was statutory or common law is insignificant since the result of a defective statutory arbitration is a common-law arbitration and the ultimate result would be the same.

The second issue on appeal is whether the arbitrators failed to comply with their statutory or contractual duties. Review of the record reveals that the arbitrators did not fail to comply with their duties. The agreement of arbitration constitutes the law of the case and the arbitrators must follow the guidelines set forth in the four corners of the document itself. *Acme Cut Stone Co v New Center Development Corp,* 281 Mich 32; 274 NW 700 (1937). While defendants allege numerous violations by the arbitrators none of such allegations constitute violations of the duties set forth in the arbitration agreement.

Having found that the arbitrators did not fail to comply with the statutory or contractual duties, defendants' final issue on appeal that such failure requires reversal of the arbitration award is rendered moot.

Affirmed. Costs to appellee.