## BEATTIE v AUTOSTYLE PLASTICS, INC

Docket No. 179908. Submitted May 8, 1996, at Grand Rapids. Decided July 9, 1996, at 9:35 A.M.

Jean Beattie brought an action in the Kent Circuit Court against Autostyle Plastics, Inc., alleging employment wage discrimination. The matter was submitted to binding arbitration pursuant to an agreement of the parties that provided that "the decision of the arbitrators shall be final and non-appealable." Following the arbitration hearing, the defendant's counsel sent a letter to the arbitrators that addressed the affirmative defense of a legitimate business reason for the wage disparity. The plaintiff's counsel responded by a letter, contending that the arbitration agreement did not provide for posthearing argument. The arbitration panel announced a unanimous decision for the plaintiff. The defendant submitted a motion for reconsideration. The plaintiff objected, arguing that reconsideration would violate the finality clause of the arbitration agreement. The arbitration panel, questioning its authority to reconsider the case, indicated that it would reconsider the defendant's affirmative defense only on stipulation of the parties or by order of the court. The defendant moved to order the arbitration panel to reconsider its decision. The court, Dennis B. Leiber, J., held that the arbitration panel could reconsider its original decision, subject to certain limitations. Following additional briefing and oral argument by the parties, the arbitration panel, in a two-to-one decision, reversed its original decision and announced a decision for the defendant. On the basis of the arbitration panel's amended decision, and over plaintiff's objection, the court dismissed the plaintiff's cause of action. The plaintiff appealed.

The Court of Appeals *held*:

1. The provision in the arbitration agreement that "the decision of the arbitration panel shall be final and non-appealable" does not preclude an appeal of the court's order allowing the arbitration panel to reconsider its original decision.

2. Because the arbitration agreement did not provide that a judgment should be entered in accordance with the arbitrators' decision, the case is one of common-law arbitration, and, accordingly,

the arbitrators' authority is a matter of contract and is governed by the terms of the arbitration agreement.

3. Because of the exacting nature of the procedure outlined in the arbitration agreement, the absence of a grant of authority for reconsideration is a significant indication of an intention not to delegate such authority. Inferring a right of reconsideration would impermissibly alter the scope of the parties' carefully crafted agreement. Because the special powers of the arbitrators terminated once they rendered their original award, the arbitrators exceeded their authority in reconsidering the merits of the original decision. The order of the court allowing reconsideration must be reversed, the second arbitration decision must be vacated, and the original arbitration award must be reinstated.

Reversed.

ARBITRATION — COMMON-LAW ARBITRATION — POWERS OF ARBITRATORS — RECONSIDERATION OF ISSUES.

    The powers of a common-law arbitrator are defined by the terms of the arbitration agreement; the special powers of an arbitrator terminate once an award has been rendered; an arbitrator, in the absence of authority to do so granted specifically in the arbitration agreement, is without authority to reconsider the merits of an award once rendered.

*Rhoades, McKee, Boer, Goodrich & Titta* (by *Bruce W. Neckers* and *Douglas P. Vanden Berge*), for the plaintiff.

*Varnum, Riddering, Schmidt & Howlett* (by *Richard A. Kay* and *David A. Rhem*), for the defendant.

Before: SAWYER, P.J., and GRIFFIN and M. G. HARRISON,* JJ.

GRIFFIN, J. This employment wage discrimination suit initially was brought in the circuit court and eventually was submitted to binding arbitration by agreement of the parties. The dispositive issue on appeal is whether the circuit court erred in allowing

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the arbitration panel to reconsider the merits of its original decision. We reverse and hold that the lower court erred in permitting the reconsideration of a final arbitration award.

I

After nearly two years of discovery, the parties stipulated the submission of plaintiff's claims to a panel of arbitrators. Among other exacting procedural requirements, the detailed "Binding Arbitration Procedure" provided:

> The parties understand and acknowledge that a central purpose of resolving through arbitration the issues and disputes which would otherwise be resolved through litigation is to reduce costs and delay and to obtain a final decision. To that end, the parties agree that the decision of the arbitrators shall be final and non-appealable.

The agreement of the parties did not address the subject of rehearing or reconsideration.

In October 1993, the parties submitted lengthy arbitration statements, numerous exhibits, and supplemental briefs to the arbitration panel. Following the arbitration hearing in which the time limits and procedures set forth in the agreement were strictly enforced, defendant's attorney sent the arbitrators a letter addressing the affirmative defense that a legitimate business reason existed for the disparity between plaintiff's salary and the salary of the male employee to whom plaintiff compared herself. Plaintiff's attorney responded by sending the panel a letter, contending that the defense attorney's letter violated the arbitration agreement, which did not provide for posthearing argument.

On November 5, 1993, the arbitration panel announced a unanimous decision for plaintiff. On November 12, 1993, defendant submitted to the arbitration panel a twelve-page motion for reconsideration, complete with exhibits. Plaintiff contested the motion on the ground that reconsideration would violate the finality clause of the parties' arbitration agreement. On November 24, 1993, the arbitration panel questioned its authority to reconsider the case[1] and notified the parties that it would reconsider defendant's affirmative defense only if reconsideration was stipulated by the parties or ordered by the circuit court.

On December 3, 1993, after plaintiff refused to stipulate reconsideration, defendant moved in the circuit court (which had retained jurisdiction) to order the arbitration panel to reconsider its decision. Plaintiff objected on the ground that the arbitration agreement gave the arbitrators no authority to reconsider their final decision. After a hearing, the circuit court ruled that the arbitration panel could reconsider its original decision if it so chose. However, the circuit court stated that the panel could only "police the record to determine they didn't make a mistake based on an error of law, or an attribution of fact not in evidence"

---

[1] The arbitration panel's letter states in part:

Because the Binding Arbitration Procedure agreed upon by the parties is silent on the subject of a Motion for Reconsideration; because the Binding Arbitration Procedure indicates that the Panel "shall decide the case on *its merits*", and because (with the exception of evidentiary matters) the Binding Arbitration Procedure does not appear to grant the Panel the power to decide procedural issues, the Panel is uncertain as to whether it has the power to consider or decide Defendant's Motion for Reconsideration.

and limited the grounds for reconsideration to those enumerated in MCR 2.119(F)(3).[2]

The arbitration panel decided not only to reconsider its original decision, but also requested additional briefing and provided each party an additional half hour of oral argument with respect to the issue whether defendant had a legitimate business reason for paying plaintiff less than a similarly situated male employee. On January 18, 1994, in a two-to-one decision, the panel reversed its original award and announced a decision for defendant.

On March 24, 1994, defendant filed a motion in the circuit court to dismiss plaintiff's lawsuit on the ground that the arbitration panel had reached a final decision. On March 29, 1994, plaintiff moved that the lower court either enter judgment in accordance with the arbitrators' original decision or set aside the binding arbitration procedure. After two hearings, the circuit court rejected plaintiff's motion to enter judgment in accordance with the panel's original decision and granted defendant's motion to dismiss plaintiff's cause of action.

II

On appeal, plaintiff argues that because the binding arbitration agreement provided that the arbitrators' decision on the merits of plaintiff's claims would be final and made no provision for reconsideration, the lower court erred in permitting the arbitration panel to reconsider its original decision. We agree.

---

[2] Although no record of the arbitration was made, it strongly appears that on reconsideration the arbitrators exceeded the scope of the remand order.

Initially, we reject defendant's contention that plaintiff's stipulation to the arbitration agreement precludes her from raising this issue on appeal. Although the arbitration agreement provides that the "*decision* of the arbitrators shall be final and non-appealable," plaintiff is not appealing the "decision" of the arbitration panel. Instead, plaintiff contests the circuit court's order allowing the arbitration panel to reconsider its original decision. See, generally, *Bonner v Chicago Title Ins Co*, 194 Mich App 462; 487 NW2d 807 (1992). Nothing in the arbitration agreement precludes appeals of actions taken outside the arbitrators' authority.

An arbitration agreement is a contract by which the parties forgo their rights to proceed in civil court in lieu of submitting their dispute to a panel of arbitrators. *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers' Ass'n*, 393 Mich 583, 587; 227 NW2d 500 (1975); *Horn v Cooke*, 118 Mich App 740, 744; 325 NW2d 558 (1982). The parties' agreement to submit a matter to arbitration constitutes the law of the case, and the arbitrators are bound to follow the guidelines set forth in the four corners of the document. *Whitaker v Seth E Giem & Associates, Inc*, 85 Mich App 511, 513; 271 NW2d 296 (1978). The scope of arbitration is determined by the contract, *Gogebic Medical Care Facility v AFSCME Local 992, AFL-CIO*, 209 Mich App 693, 696-697; 531 NW2d 728 (1995); *American Fidelity Fire Ins Co v Barry*, 80 Mich App 670, 673; 264 NW2d 92 (1978); *E E Tripp Excavating Contractor, Inc v Jackson Co*, 60 Mich App 221, 251-252; 230 NW2d 556 (1975), and "arbitrators who derive their authority from the contract calling for their services are bound

to act within the terms of the submission." *DAIIE v Gavin*, 416 Mich 407, 432; 331 NW2d 418 (1982); see also *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 496; 475 NW2d 704 (1991); *Stowe v Mutual Home Builders Corp*, 252 Mich 492, 497; 233 NW 391 (1930). Independent of the contract, an arbitration panel has no jurisdiction over a particular dispute. *Michigan Ass'n of Police v Pontiac*, 177 Mich App 752, 758; 442 NW2d 773 (1989).

Because the parties' agreement did not provide that judgment shall be entered in accordance with the arbitrators' decision, this case involves common-law arbitration, and the procedures regarding "statutory arbitration" are not applicable. See MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq.*; *Gordon Sel-Way, supra* at 495; *DAIIE*, supra at 417. Hence, the arbitrators' authority is governed solely by the terms of the arbitration agreement.

### III

In the absence of an express contractual provision regarding reconsideration, we begin by looking to the common law for guidance. In this regard, we agree with and adopt the following principles articulated by the Third Circuit Court of Appeals:

It is an equally fundamental common law principle that once an arbitrator has made and published a final award his authority is exhausted and he is functus officio and can do nothing more in regard to the subject matter of the arbitration. The policy which lies behind this is an unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which he has already rendered, because of the potential evil of outside communication and unilateral influence which might affect a new conclusion. The continuity of judicial

office and the tradition which surrounds judicial conduct is lacking in the isolated activity of an arbitrator, although even here the vast increase in the arbitration of labor disputes has created the office of the specialized professional arbitrator. This policy of finality, founded on practical considerations, is nourished by the primitive view of the solemnity of all judgments. . . .

. . . Mr. Justice Fell said: "The rule undoubtedly is that, when an arbitrator has made and delivered his award, the special power conferred upon him ends. But an award must be final, complete, and coextensive with the terms of the submission." [*La Vale Plaza, Inc v R S Noonan, Inc*, 378 F2d 569, 572-573 (CA 3, 1967).]

In the present case, the parties created a detailed and specific "Binding Arbitration Procedure," giving a panel of arbitrators the authority to make one decision that "shall be final and non-appealable." In drafting the contract delegating authority to the arbitration panel, the parties jealously guarded their control over the arbitration proceeding by carefully defining the limited authority of the arbitrators over the one, final hearing contemplated by the agreement. The contract specified the manner by which the panel could use evidence and outlined the means that damages would be calculated. It also established exacting procedural requirements, such as the order of the case and the time limits for the parties' presentation of evidence. In light of specificity by which the parties ceded authority to the arbitrators, we consider the absence of a grant of authority for reconsideration significant of an intention not to delegate such authority. Inferring a right of reconsideration would impermissibly alter the scope of the parties' carefully crafted agreement. In our view, such a construction would bestow on the arbitrators more power than the parties agreed

to delegate and counter the parties' stated goals of "reduc[ing] costs and delay and to obtain a final decision."

We conclude that in this case the arbitration was completed when the original award was rendered. Further, none of the recognized exceptions to the rule of finality are at issue. See, generally, anno: *Power of court to resubmit matter to arbitrators for correction or clarification, because of ambiguity or error in, or omission from, arbitration award,* 37 ALR3d 200; *La Vale Plaza, supra; Eisenstein v Rednick,* 8 AD2d 794; 187 NYS2d 409 (1959); *Held v Comfort Bus Line, Inc,* 136 NJL 640; 57 A2d 20 (1948). Because the special powers of the arbitrators terminated once they rendered their award, the arbitrators exceeded their authority in reconsidering the merits of their original decision. Accordingly, we reverse the order of the circuit court, vacate the second arbitration decision, and reinstate the original arbitration award.

Our resolution of this issue makes it unnecessary for us to address the remaining issues on appeal.

Reversed.