MICHIGAN STATE EMPLOYEES ASSOCIATION v LIQUOR CONTROL
COMMISSION NO 1

Docket Nos. 199949, 202234. Submitted July 14, 1998, at Lansing. Decided
October 6, 1998, at 9:00 A.M. Leave to appeal sought.

Michigan State Employees Association petitioned the Ingham Circuit
Court for an order enforcing subpoenas issued by an arbitrator in
arbitration proceedings conducted pursuant to the terms of a col-
lective bargaining agreement between the petitioner and respon-
dent Liquor Control Commission concerning a grievance filed by
the petitioner against the respondent relative to the privatization of
liquor warehousing and distribution. The court, Thomas Leo
Brown, J., granted the requested order. The respondent appealed,
and the petitioner appealed the order to the extent that it pre-
cluded witnesses associated with the respondent from testifying
about deliberations concerning the privatization. The Court of
Appeals consolidated the appeals.

The Court of Appeals *held*:

1. The circuit court erred by enforcing the subpoenas issued by
the arbitrator. When parties enter into an agreement to submit a
matter to arbitration, the arbitrator is bound to follow the guide-
lines set forth within the four corners of the agreement. In this
case, the parties' agreement provides that arbitration will proceed
under the rules of the American Arbitration Association. One such
rule states that an arbitrator authorized by law to subpoena wit-
nesses and documents may do so. The parties' arbitration, having
commenced pursuant to a collective bargaining agreement, is
exempt from federal and state statutes that provide subpoena
authority in arbitration proceedings. Accordingly, the arbitrator in
this case lacks authority to issue subpoenas.

2. Subpoena authority is not necessary to ensure the petitioner a
fair hearing under Const 1963, art 1, § 17 or a meaningful grievance
procedure under Const 1963, art 11, § 5.

3. The issue raised by the petitioner regarding the scope of the
subpoenas need not be addressed in light of the invalidation of the
subpoenas.

Reversed and remanded for further proceedings.

ARBITRATION — CONTRACTUAL ARBITRATION — SUBPOENAS.

> An arbitrator who conducts arbitration by agreement of the parties involved has authority to subpoena witnesses and documents to the extent provided under the parties' agreement.

*Fraser Trebilcock Davis & Foster, P.C.* (by *Brandon W. Zuk*), for Michigan State Employees Association.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Gary P. Gordon* and *John S. Mackey*, Assistant Attorneys General, for Liquor Control Commission.

Before: BANDSTRA, P.J., and GRIFFIN and YOUNG, JR., JJ.

BANDSTRA, P.J. In these consolidated appeals, respondent appeals by leave granted a trial court order enforcing arbitrator-issued subpoenas. Petitioner also appeals the order to the extent that it precludes compelling witnesses now or formerly associated with respondent to testify regarding their deliberative processes in deciding to adopt a plan to privatize liquor warehousing and distribution. We reverse the order enforcing the subpoenas and, because of that decision, need not address the question raised by petitioner regarding the scope of the subpoenas.

Petitioner initiated the underlying grievance arbitration pursuant to the parties' collective bargaining agreement. Petitioner argued that respondent's adoption of a plan to eliminate the state-operated liquor warehousing and distribution system (and consequent

elimination of state jobs) violated the Michigan Constitution's requirement that an agency may eliminate classified civil service positions only "for reasons of administrative efficiency . . . ." Const 1963, art 11, § 5. The constitution further provides that employees aggrieved by the abolition of positions shall have a right to appeal through "established grievance procedures." *Id.* The arbitration at issue here constitutes the required grievance procedure. During the arbitration process, the contested subpoenas were issued by the arbitrator and enforced in an order petitioner procured from the circuit court.

Respondent argues that the circuit court erred by enforcing subpoenas issued by an arbitrator when no authority supported his issuance of the subpoenas, a question of law we review de novo. *Atlas Valley Golf & Country Club, Inc v Village of Goodrich*, 227 Mich App 14, 19; 575 NW2d 56 (1997). We agree with respondent. When parties enter into an agreement to submit a matter to arbitration, the arbitrator is "bound to follow the guidelines set forth in the four corners" of the contract. *Beattie v Autostyle Plastics, Inc*, 217 Mich App 572, 577; 552 NW2d 181 (1996). The parties' agreement here provides that arbitrations will proceed under the rules of the American Arbitration Association (AAA). The AAA rule that applies here states, in pertinent part, that "[a]n arbitrator *authorized by law* to subpoena witnesses and documents may do so . . . ." (Emphasis added.) We conclude from this clear contract language that the parties did not intend to empower an arbitrator to issue subpoenas in the absence of legal authorization.

As petitioner has conceded on appeal, because the parties' arbitration commenced pursuant to their collective bargaining agreement, it is exempt from several statutes governing other arbitrations, including the Federal Arbitration Act, 9 USC 1 *et seq.* (see *Bacashihua v United States Postal Service*, 859 F2d 402, 404-405 [CA 6, 1988]), Michigan's adoption of the Uniform Arbitration Act, MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq.* (see MCL 600.5001[3]; MSA 27A.5001[3]), and the mediation of labor disputes act, MCL 423.1 *et seq.*; MSA 17.454(1) *et seq.* (see MCL 423.9d[2][a]; MSA 17.454[10.3][2][a]). Thus, while these statutes may provide subpoena authority in other arbitration proceedings, they do not provide that authority for the collective bargaining agreement arbitration at issue here.

Nonetheless, petitioner argues that "despite the absence of any express authorization" for subpoenas in these statutes, we should look to them "for guidance" and conclude that subpoena authority is necessary to "promote the goals" of constitutional provisions guaranteeing grievance procedures, Const 1963, art 11, § 5, and a fair hearing, Const 1963, art 1, § 17. We do not conclude that subpoena authority is necessary to assure petitioner a fair hearing or a meaningful grievance procedure. Petitioner is certainly not otherwise prevented from presenting its case for the arbitrator's consideration. Moreover, respondent will likely present employee witnesses during the arbitration process to defend its actions, and petitioner will have the right to cross-examine those witnesses. If respondent fails to produce available witnesses who have relevant knowledge, the arbitrator will likely

draw a negative inference against respondent with respect to what those witnesses would say.

The arbitrator's fact-finding ability might be enhanced by subpoena authority, and petitioner would no doubt use that authority in trying to establish its case. However, we cannot recognize that authority when to do so would be in contravention of the parties' clear agreement.[1] *Beattie, supra* at 577-578 (the parties' agreement constitutes the law of the case, and arbitrators are bound to act within the terms of the contract). The collective bargaining agreement "established" a grievance procedure as required by the constitution, and petitioner voluntarily entered into that agreement. Petitioner thus acquiesced to a grievance procedure that did not encompass subpoena authority, and it cannot now legitimately claim that the procedure is inadequate.

We reverse the order of the circuit court enforcing the subpoenas. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[1] We also note that, in general, the power to issue a subpoena must be expressly conferred by statute and, in the absence of a specific grant of authority, an official has no power to issue a subpoena. 73 CJS, Public Administrative Law & Procedure, § 82, pp 563-564.