*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STACY NEWMAN,

        Plaintiff-Appellant,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION (SMART),

        Defendant-Appellee.

UNPUBLISHED
January 15, 2019

No. 342678
Wayne Circuit Court
LC No. 17-014590-NF

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

In this no-fault action involving an arbitration agreement and award, plaintiff appeals as of right the trial court's order granting summary disposition to defendant. We affirm.

This case arises out of injuries sustained by plaintiff while on a bus operated by defendant on July 5, 2013. Plaintiff filed a complaint against defendant for personal injury protection benefits (PIP) for the injuries he sustained. The parties eventually submitted the case to binding arbitration and signed an arbitration agreement which stated that it applied to "all past, present, and future PIP claims, known or unknown, claimed or unclaimed . . . ." In May 2016, the arbitration panel awarded $50,000 to plaintiff and stated that the award was for past and present injuries. The arbitration award did not mention future benefits or claims. Thereafter, the trial court approved the settlement and proposed distribution of the arbitration award, and dismissed plaintiff's case with prejudice in October 2016.

In September 2017, plaintiff brought this case against defendant seeking "past, present, and future" PIP benefits. Defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(10), arguing that this case was barred by the arbitration agreement and award, as well as by the doctrine of res judicata. The trial court agreed with defendant, holding that the arbitration agreement—which stated that all past, present, and future PIP claims would be arbitrated—was controlling, and granted defendant's motion.

On appeal, plaintiff argues that the trial court erred in granting summary disposition in defendant's favor because the arbitration award did not grant future PIP benefits and the doctrine of res judicata was inapplicable. We disagree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Walters v Nadell*, 481 Mich 377, 381; 751 NW2d 431 (2008). Defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(10). A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred for reasons that include release, payment, prior judgment, or an agreement to arbitrate. See also *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). The moving party may support its motion with affidavits, depositions, admissions, or other documentary evidence that would be admissible at trial. *Id.* A reviewing court must accept the content of the plaintiff's complaint as true, unless contradicted by the documentary evidence. *Id.* A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists to warrant a trial. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

The Uniform Arbitration Act, MCL 691.1681 *et seq.*, governs all arbitration agreements made after July 1, 2013. *Fette v Peters Const Co*, 310 Mich App 535, 542; 871 NW2d 877 (2015). Under MCL 691.1686(1), "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except on a ground that exists at law or in equity for the revocation of a contract." The same legal principles that govern contract interpretation apply to the interpretation of arbitration agreements. *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016). This Court's "primary task is to ascertain the intent of the parties at the time they entered into the agreement, which we determine by examining the language of the agreement according to its plain and ordinary meaning." *Id*.

An arbitration agreement constitutes the "law of the case, and the arbitrators are bound to follow the guidelines set forth in the four corners of the document." *Beattie v Autostyle Plastics, Inc*, 217 Mich App 572, 577; 552 NW2d 181 (1996). Significantly, "[t]he scope of arbitration is determined by the contract" and, because arbitrators derive their power from the arbitration agreement itself, they are bound by its terms. *Id*. at 577-578. Furthermore, when determining whether an issue is subject to arbitration pursuant to an arbitration agreement, "[t]he burden is on the party seeking to avoid the agreement, not the party seeking to enforce the agreement." *Altobelli*, 499 Mich at 295. Finally, an arbitration agreement determines the scope of an arbitration award even if the award does not explicitly state that it applies to everything listed in the arbitration agreement. See *Dohanyos v Detrex Corp (After Remand)*, 217 Mich App 171, 178-180; 550 NW2d 608 (1996) (holding that because the arbitration agreement stated that the award would include "all interest, costs, attorney fees and sanctions," the court "must assume" that the arbitration award included all taxable costs even without explicitly stating so).

In this case, the arbitration agreement states that the arbitration "shall be for all past, present, and future PIP claims, known or unknown, claimed or unclaimed . . . ." Because arbitration agreements are treated like contracts, the plain and ordinary meaning of clear language controls. The clause in the arbitration agreement stating that it applies to "all past,

present, and future PIP claims, known or unknown, claimed or unclaimed" is clear on its face and, therefore, means that the arbitration should have addressed future PIP claims. Therefore, we assume that the arbitration award included damages for future PIP claims even though it did not explicitly state that it did so.

In his brief on appeal, plaintiff asserts that "[a]s a matter of law there is no claim for future benefits because claims for no-fault benefits must be incurred." Plaintiff bases his assertion on *Douglas v Allstate Ins Co*, 492 Mich 241, 269; 821 NW2d 472 (2012), in which our Supreme Court stated:

> As a result, there is only one evidentiary standard to determine whether expenses were incurred regardless of who provided the underlying services. *Any* insured who incurs charges for services must present proof of those charges in order to establish, by a preponderance of evidence, that he is entitled to PIP benefits. [Emphasis in original.]

This statement by the *Douglas* Court, however, was in reference to what an insurer is *obliged* to pay and was silent on the issue of whether an insurer has the *ability* to pay for future benefits, particularly by way of arbitration. See *id*. at 268-269. In other words, an insurer may voluntarily make a payment for future projected PIP benefits or agree to submit claims for future PIP benefits to binding arbitration. Otherwise the prospect of future PIP claims would prevent the final settlement of cases. Furthermore, in the arbitration agreement, defendant voluntarily chose to be bound by terms stating that the arbitration would cover future PIP claims, which became "the law of the case" after both parties signed it. See *Beattie*, 217 Mich App at 577.

Plaintiff also argues that there is nothing indicating that future benefits were argued before or contemplated by the arbitrators. Plaintiff, however, has presented no record evidence to support these assertions. The arbitration agreement stated that the arbitration would be for all claims, including future PIP claims. Because the scope of an arbitration award is determined by the arbitration agreement, an arbitration award does not need to explicitly state something for it to be included in the arbitration award. See *Dohanyos*, 217 Mich App at 179. That is, a presumption exists that an arbitration award has the same scope as the arbitration agreement the award arises out of. See *id*. Accordingly, in this case, the arbitration award is deemed to have included an award for future PIP claims.

Finally, plaintiff argues that the doctrine of res judicata is inapplicable under the facts of this case. We disagree. In *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 10; 672 NW2d 351 (2003), this Court held:

> Res judicata requires that (1) the prior action was decided on the merits, (2) the decree in the prior action was a final decision, (3) the matter contested in the second case was or could have been resolved in the first, and (4) both actions involved the same parties or their privies.

Importantly, "the burden of proving the applicability of the doctrine of res judicata is on the party asserting it." *Baraga Co v State Tax Comm*, 466 Mich 264, 269; 645 NW2d 13 (2002). The doctrine of res judicata applies "to every point which properly belonged to the subject of

litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Peterson*, 259 Mich App at 11 (quotation marks and citations omitted). And "a voluntary dismissal with prejudice acts as an adjudication on the merits for res judicata purposes." *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 395; 573 NW2d 336 (1997).

This case arises out of the July 5, 2013 incident, out of which plaintiff's first case also arose. The first complaint sought "all past, present and future personal injury protection benefits," while the instant complaint seeks "past, present and future personal injury protection benefits" arising out of the July 5, 2013 incident. The parties' claims in the prior proceeding were decided on the merits by the arbitration panel, which awarded $50,000 to plaintiff for his injuries. There were no objections to the arbitration award, and plaintiff moved for the trial court to approve the settlement and proposed distribution of the arbitration award. The trial court granted plaintiff's motion and dismissed plaintiff's case with prejudice. The issue of the scope of the arbitration award, and specifically whether the award actually covered future PIP claims, could have been adjudicated in the prior proceeding. See MCL 691.1703-1704 (establishing the Uniform Arbitration Act's standards for modifying and vacating arbitration awards). Finally, both the prior proceeding and the instant case involve the same parties. Thus, plaintiff's claim that res judicata is inapplicable under the facts of this case is without merit.

In summary, the trial court did not err in granting defendant's motion for summary disposition.

Affirmed.


/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter

-4-