*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCAN TOP ENTERPRISE CO LTD,

        Plaintiff-Appellee,

v

TRICO PRODUCTS CORPORATION,

        Defendant-Appellant.

UNPUBLISHED
September 24, 2024
9:58 AM

No. 365432
Oakland Circuit Court
LC No. 22-197702-CB

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff sued defendant for failure to pay plaintiff for purchased items. Defendant moved for summary disposition, in part, under MCR 2.116(C)(7) on the basis that plaintiff was bound by an arbitration agreement. The trial court denied that aspect of defendant's motion. We affirm.

Defendant has a history of purchasing windshield wiper blades from plaintiff through purchase orders, which incorporate defendant's "Standard Commercial Purchase Order Terms and Conditions." Paragraph 13 of this agreement provides:

> Any dispute arising hereunder which is not disposed of by agreement shall be decided by Buyer who shall set forth its decision in writing and mail or otherwise furnish a copy thereof to Seller. Buyer's decision shall be final and conclusive, unless within 30 days from the date of receipt of the decision by Seller, Seller submits the controversy or claim to arbitration in Oakland County, Michigan, or such other location to be designated by Buyer, in accordance with the rules of the American Arbitration Association. A copy of such submission shall be simultaneously furnished to Buyer. Any judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Notwithstanding anything to the contrary herein, Buyer shall have at all times the right but not the obligation to commence litigation at any time with respect to any dispute arising hereunder in any court of competent jurisdiction or to commence arbitration of any dispute pursuant to the rules of the American Arbitration Association. Pending final decisions or arbitration of any dispute, Seller shall

-1-

proceed diligently with performance of the Purchase Order and in accordance with Buyer's direction and shall comply fully with its obligations thereunder. Seller's failure to continue performance during the pendency of any litigation or arbitration shall entitle Buyer to enhanced damages and attorney fees. [emphasis omitted.]

Further, paragraph 24 provided:

The laws of the State of Michigan shall be deemed applicable to all aspects of the transaction covering material ordered hereunder. Any action in connection with a Purchase Order or other agreement shall be brought exclusively in the federal or state courts of the State of Michigan, and both parties consent to the jurisdiction thereof.

According to plaintiff, defendant stopped making timely payments in March 2019 and, in November 2021, the parties negotiated a repayment plan. Plaintiff alleges that defendant failed to comply with the repayment plan terms.

In June 2022, defendant sent to plaintiff an e-mail, stating, in relevant part: "We would like to resume the monthly $750,000 USD monthly [sic] immediately and pay-off the remaining balance the first week of January 2023." The terms proposed by defendant were different than those to which the parties purportedly agreed in November 2021. Defendant further asserted that it could "assure you that we will adhere to this payment plan from now until the end of 2022 if you are willing to agree to it." At the end of the email, defendant asked plaintiff, "Please let me know."

In December 2022, plaintiff sued defendant for two counts of breach of contract, one count of account stated, one count of action for the price, and one count of unjust enrichment. In January 2023, defendant moved to dismiss the complaint and compel arbitration under MCR 2.116(C)(7) or for summary disposition under MCR 2.116(C)(8).

The trial court denied defendant's motion under MCR 2.116(C)(7) on the basis that defendant had not issued a "decision" under paragraph 13, and therefore the arbitration condition was not triggered. The trial court granted defendant's motion under MCR 2.116(C)(8) on Counts I, II, and III, but denied defendant's motion under MCR 2.116(C)(8) on Counts IV and V.

Defendant now appeals the trial court's decision under MCR 2.116(C)(7), which provides for dismissal when a claim is barred by an arbitration agreement. "We review de novo a trial court's decision to grant or deny a motion for summary disposition under MCR 2.116(C)(7)." *Galea v FCA US LLC*, 323 Mich App 360, 368; 917 NW2d 694 (2018). Likewise, contract interpretation is a question of law that we review de novo. *Sweebe v Sweebe*, 474 Mich 151, 154; 712 NW2d 708 (2006).

"An arbitration agreement is a contract by which the parties forgo their rights to proceed in civil court in lieu of submitting their dispute to a panel of arbitrators." *Beattie v Autostyle Plastics, Inc*, 217 Mich App 572, 577; 552 NW2d 181 (1996). Michigan public policy generally favors arbitration. See *Lichon v Morse*, 507 Mich 424, 437; 968 NW2d 461 (2021). This principle does not, however, "go so far as to override foundational principles of contractual interpretation." *Id*. When this Court interprets an arbitration agreement, we apply the same legal principles as when interpreting a contract. *Id*. "Our primary task is to ascertain the intent of the parties at the

time they entered into the agreement, which we determine by examining the language of the agreement according to its plain and ordinary meaning." *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016).

On its face, the arbitration clause of the agreement is so vague and ambiguous that we cannot determine the intent of the parties. Parties to a contract must have a "meeting of the minds" on all essential terms, i.e., there must be mutual assent. *Calhoun Co v Blue Cross Blue Shield Mich*, 297 Mich App 1, 13; 824 NW2d 202 (2012) (quotation marks and citation omitted). Without mutual assent, there is no valid contract. *Id*. Although "judicial avoidance of contractual obligations because of indefiniteness is not favored under Michigan law, " *id*. at 14, because the terms of the arbitration agreement are ambiguous, we cannot determine the clear intent of the parties, and as such, the provision is unenforceable in its entirety.

Regardless, under a plain reading of the agreement, to trigger the provision to compel arbitration under paragraph 13, defendant must "decide[]" an unresolved dispute between the parties and issue that "decision" to plaintiff in writing. If this occurs, then plaintiff can submit the matter to arbitration within thirty days of receipt of defendant's decision. If defendant does not make a decision with respect to the parties' dispute, then there is nothing that would be subject to arbitration under paragraph 13. In other words, a "decision" by defendant is the condition precedent to plaintiff's right (or requirement) to compel arbitration—absent a decision, arbitration is not required.

Nowhere in its brief on appeal does defendant claim to have made a decision that would trigger the arbitration requirement in paragraph 13. Plaintiff argues that the parties' November 2021 agreement to a repayment plan avoids the arbitration clause and that defendant never issued a decision resolving a dispute that would have triggered the arbitration clause. Defendant responds that the trial court determined that there was no agreement to a repayment plan, and, even if there were, it would not have resolved the dispute, as evidenced by the present lawsuit.

Regardless, plaintiff renewed the payment issue with defendant in 2022, and defendant's response to plaintiff cannot be read as a "decision." To "decide" means "to make a final choice or judgment about" or "to select as a course of action." *Merriam-Webster's Collegiate Dictionary* (11th ed). A "decision" is "a determination arrived at after consideration" or "a report of a conclusion." *Id*. Defendant's June 2022 e-mail to plaintiff includes statements such as "[w]e would like to"; "if you are willing to agree to it"; and "Please let me know." This e-mail could constitute an offer to reach an agreement, but it is clearly not a decision. Absent a decision by defendant under paragraph 13, plaintiff could sue defendant in Michigan, as set forth in paragraph 24. The trial court did not, therefore, err by denying defendant's motion for summary disposition under MCR 2.116(C)(7).

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle