CITY OF FERNDALE v FLORENCE CEMENT COMPANY

Docket No. 254572. Submitted September 7, 2005, at Detroit. Decided January 17, 2006, at 9:15 a.m.

The city of Ferndale brought an action in the Oakland Circuit Court against Florence Cement Company and Hartford Casualty Insurance Company, alleging that Florence had breached its contract to install concrete for a roadway in the city and seeking payment on the maintenance and guarantee bond provided by Hartford for Florence's work. In accordance with the parties' contract, an engineer had determined that Florence needed to make certain repairs, which Florence had refused to do. The defendants moved for summary disposition, arguing that the engineer's determination constituted an arbitration award that the plaintiff had failed to enforce within one year, as required by MCR 3.602(I). The court, Nanci J. Grant, J., granted the defendants summary disposition, concluding that, while the contract did not include an arbitration clause, the contract provided for a method of alternative dispute resolution under which the engineer's decision constituted a final arbitration award subject to the one-year limitations period for judicial confirmation. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court erred by granting Florence summary disposition. Under the arbitration statutes, MCL 600.5001 and 600.5025, an agreement to settle a controversy by arbitration is valid, enforceable, and irrevocable if the agreement provides that a circuit court can render judgment on the arbitration award. The contract, however, did not contain an arbitration clause or specify that any resulting award was enforceable in court. Thus, the contract in this case is not subject to the rules governing statutory arbitration, including MCR 3.602(I). The engineer's decision was also not binding under common-law arbitration principles. Arbitration is a matter of contract. The contract language does not show that the parties intended that the engineer's decision would constitute a final and binding arbitration award.

2. Because the trial court improperly granted summary disposition to Florence, it similarly erred by granting summary dispo-

sition to Hartford. The liability of a surety is coextensive with the liability of the principal in the bond.

3. The trial court did not err by failing to grant summary disposition to the plaintiff. The record on appeal does not address whether, as required by the contract, the plaintiff provided adequate notice to Florence that it was having another company perform the repairs. Thus, a genuine issue of material fact existed.

Reversed and remanded.

Arbitration — Contracts.

Arbitration, whether common-law or statutory, is a matter of contract, and a valid agreement must exist for arbitration to be binding; an agreement to settle a controversy by statutory arbitration is valid, enforceable, and irrevocable if it provides that a circuit court can render judgment on the arbitration award, but the rules governing statutory arbitration do not apply to an agreement unless it shows a clear intent that the award be enforceable in court (MCL 600.5001, 600.5025; MCR 3.602).

*Beier Howlett, P.C.* (by *P. Daniel Christ* and *L. Rider Brice, III*), for the plaintiff.

*Kerr, Russell and Weber, PLC* (by *Michael D. Carroll* and *James R. Case*), and *Ruggirello, Velardo, Novara and Ver Beek, P.C.* (by *Armand Velardo* and *Peter M. Ruggirello*), for the defendants.

Before: Hoekstra, P.J., and Gage and Wilder, JJ.

Wilder, J. Plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) and (C)(10). We reverse and remand.

I

Plaintiff city of Ferndale entered into a contract with defendant Florence Cement Company (Florence) to install new concrete for a roadway in the city. Defendant Hartford Casualty Insurance Company (Hartford)

provided a maintenance and guarantee bond on the work performed by Florence.

Paragraph 9.11 of the parties' contract establishes an appeal process that may be invoked in the event the project engineer, Giffels-Webster Engineers, Inc. (engineer), declares work to be defective. Paragraph 9.11 provides in relevant part:

*Decisions on Disputes:*

> 9.11. ENGINEER will be the initial interpreter of the requirements of the Contract Documents and judge of the acceptability of the Work thereunder. Claims, disputes and other matters relating to the acceptability of the Work or the interpretation of the requirements of the Contract Documents pertaining to the performance and furnishing of the Work . . . will be referred initially to ENGINEER in writing . . . . Written notice of each such claim, dispute or other matter will be delivered by the claimant to ENGI-NEER and the other party to the Agreement promptly . . . after the start of the occurrence or event giving rise thereto, and written supporting data will be submitted to ENGINEER and the other party within sixty days after the start of such occurrence or event . . . . ENGINEER will render a formal decision in writing within thirty days after receipt of the opposing party's submittal, if any, in accordance with this paragraph. ENGINEER's written decision on such claim, dispute or other matter will be final and binding upon OWNER and CONTRACTOR unless: (i) an appeal from ENGINEER's decision is taken within the time limits and in accordance with the procedures set forth in EXHIBIT GC-A, "Dispute Resolution Agreement," entered into between OWNER and CONTRACTOR[1] . . . or (ii) if no such Dispute Resolution Agreement has been entered into, a written notice of intention to appeal from ENGINEER's written decision is delivered by OWNER or CONTRACTOR to the other and to ENGINEER within thirty days after the date of such decision and a formal

---

[1] The parties agree that they did not enter into a "Dispute Resolution Agreement."

proceeding is instituted by the appealing party in a forum of competent jurisdiction to exercise such rights or remedies as the appealing party may have with respect to such claim, dispute or other matter in accordance with applicable Laws and Regulations within sixty days of the date of such decision, unless otherwise agreement in writing by OWNER and CONTRACTOR.

On July 12, 2001, the project manager for the engineer notified Florence that plaintiff was seeking replacement of 300 yards of concrete because of deterioration and crumbling. In a letter dated September 5, 2001, the engineer characterized the defect as substantive and structural, requesting that Florence perform full-depth repairs. Florence disagreed with the engineer's assessment, requested a site visit together with the engineer, and suggested an alternative remedy.[2] Approximately one week after the September 19, 2001, site visit, the engineer rejected the alternative remedy proposed by Florence on the basis that it provided only a temporary solution, thus exposing plaintiff to future expense and repairs. Accordingly, the engineer communicated that plaintiff continued to require full replacement of the concrete. Florence responded on October 3, 2001, denied responsibility for the defect, and characterized the defect as nonstructural. Once again, Florence, asserting that full-depth repairs were not necessary, offered a partial-depth solution recommended by its expert, to correct the defective concrete. Plaintiff consulted its expert, and, in a final demand letter dated October 9, 2001, the engineer reiterated his require-

---

[2] Florence argues that its facsimile letter of September 12, 2001, constituted a formal appeal of the engineer's decision that the concrete was defective and a full concrete replacement was warranted. We express no opinion on whether this communication constituted an "appeal" within the meaning of the contract.

ment for full-depth repairs, requesting that Florence respond by October 15, 2001.

Florence did not agree to perform full-depth repairs,[3] and plaintiff hired another cement company to perform the full-depth replacement work, apparently without giving notice of the hiring to Florence.[4] On November 27, 2002, Hartford denied plaintiff's November 28, 2001, demand and claim under the maintenance and guarantee bond. Plaintiff subsequently sent Florence an invoice in the amount of $35,361.79 for costs associated with replacing the allegedly defective concrete. Florence did not pay the invoice amount, and plaintiff filed a complaint in circuit court, alleging breach of contract against Florence and seeking payment on the maintenance and guarantee bond from Hartford.

Defendants filed a joint motion for summary disposition under MCR 2.116(C)(7) and (C)(10), arguing that under paragraph 9.11 of the contract, the engineer's determination constituted an arbitration award that plaintiff did not seek to enforce within one year of the October 9, 2001, "decision." Defendants argued that because plaintiff did not seek to enforce the decision within a one-year time frame, plaintiff's claim was time-barred pursuant to MCR 3.602(I). Plaintiff opposed summary disposition, arguing that because the engineer "ruled" in its favor, the decision became binding when Florence failed to appeal. Plaintiff further argued that the appeals process in paragraph 9.11 controlled and that MCR 3.602(I) did not apply because the parties' agreement contained no arbitration clause.

---

[3] The record does not establish whether plaintiff was notified of Florence's refusal to perform the full-depth repairs by Florence's inaction or through a subsequent written communication.

[4] The record does not establish that such notice was provided by plaintiff to Florence.

Following a hearing on defendants' motion for summary disposition, the trial court ruled that plaintiff's claim was time-barred. While acknowledging that the parties' contract did not include an arbitration clause, the trial court nonetheless concluded "this is [not] a legally significant distinction." Relying on *City of Huntington Woods v Ajax Paving Industries (After Remand)*, 196 Mich App 71; 492 NW2d 463 (1992), the trial court ruled that because the parties agreement provided for a contractually agreed method of alternative dispute resolution that designated the engineer's decision as "final and binding" if the appellate procedures were not followed, the engineer's ruling constituted a final arbitration award subject to the one-year limitations period in MCL 3.602(I). Plaintiff now appeals.

II

We review de novo whether a cause of action is barred by the statute of limitations under MCR 2.116(C)(7), *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 419; 684 NW2d 864 (2004), and whether the cause of action is barred by the statute of limitations is a question of law that this Court also reviews de novo, *McKiney v Clayman*, 237 Mich App 198, 201; 602 NW2d 612 (1999). We consider all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict it. *Bryant, supra* at 419.

When deciding a motion for summary disposition under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most

favorable to the nonmoving party.[5] *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue on which reasonable minds could differ. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

III

Plaintiff contends that the trial court erred in finding that the engineer's decision constituted an arbitration award subject to the one-year limitations period for judicial confirmation of arbitration awards under MCR 3.602. We agree.

An agreement to arbitrate is a contract. *Beattie v Autostyle Plastics, Inc* 217 Mich App 572, 577; 552 NW2d 181 (1996). The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties. *Rasheed v Chrysler Corp*, 445 Mich 109, 127 n 28; 517 NW2d 19 (1994). The existence of an arbitration agreement and the enforceability of its terms are judicial questions for the court, not the arbitrators. *Fromm v MEEMIC Ins Co*, 264 Mich App 302, 305; 690 NW2d 528 (2004).

Under the Michigan arbitration statutes, an agreement to settle a controversy by arbitration is valid,

---

[5] Defendants' motion for summary disposition was brought under both MCR 2.116(C)(7) and (C)(10). The trial court stated in its opinion that defendants' motion for summary disposition was granted under MCR 2.116(C)(7); however, the trial court's order indicates that the motion for summary disposition was granted pursuant to MCR 2.116(C)(10).

enforceable, and irrevocable if the agreement provides that a circuit court can render judgment on the arbitration award. MCL 600.5001 and 600.5025; *Tellkamp v Wolverine Mut Ins Co*, 219 Mich App 231, 237; 556 NW2d 504 (1996). The intent to render the award enforceable in court must be clearly indicated by a contract provision. *Id.*

In this case, the parties' agreement did not contain an arbitration clause or specify that any resultant award was enforceable in court. In particular, the parties did not make a "Dispute Resolution Agreement" a part of their contract.[6] Because it is only "[u]pon the making of an agreement" that a circuit court obtains "jurisdiction to enforce the agreement and to render judgment on an award thereunder," MCL 600.5025, the agreement in this case is not subject to the rules governing statutory arbitration. See MCL 600.5001(2); *Brucker v McKinlay Transport, Inc*, 454 Mich 8, 14-15; 557 NW2d 536 (1997); *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 495; 475 NW2d 704 (1991); *Beattie, supra* at 578. Because the agreement does not provide for statutory arbitration, MCR 3.602(I), which governs the confirmation of a statutory arbitration award, does not apply here.

Defendants contend that despite the absence of language providing that the engineer's decision was to be enforced in circuit court, the contract language providing that the engineer's "written decision on such claim, dispute or other matter will be final and binding" should be interpreted as indicating the parties' intent that the engineer's decision constitutes a final and binding arbitration award. In short, having failed to establish statutory arbitration, defendants nonetheless argue that the engineer's decision is binding under

---

[6] This critical fact distinguishes this case from *Huntington Woods*.

common-law arbitration, i.e. that the terms of the parties' "arbitration agreement" controls. *Beattie, supra* at 578-579.[7] We disagree.

Arbitration is a matter of contract, *Miller v Miller*, 474 Mich 27, 32; 707 NW2d 341 (2005), and a valid agreement must exist for arbitration to be binding, *Arrow Overall Supply Co v Peloquin Enterprises*, 414 Mich 95, 99; 323 NW2d 1 (1982). Common-law arbitration is not subject to as strict a standard of review as is statutory arbitration. *Emmons v Lake States Ins Co*, 193 Mich App 460, 466; 484 NW2d 712 (1992), citing *Auto-Owners Ins Co v Kwaiser*, 190 Mich App 482, 486; 476 NW2d 467 (1991). Rather, judicial review of a common-law arbitration award is limited to instances of bad faith, fraud, misconduct, or manifest mistake, *Emmons, supra* at 466, and an award will be upheld absent " '(1) fraud on the part of the arbitrator; (2) fraud or misconduct of the parties affecting the result; (3) gross unfairness in the conduct of the proceeding; (4) want of jurisdiction in the arbitrator; (5) violation of public policy; [or] (6) want of the entirety in the award,' " *E E Tripp Excavating Contractor, Inc v Jackson Co*, 60 Mich App 221, 250; 230 NW2d 556 (1975), quoting *Frazier v Ford Motor Co*, 364 Mich 648, 655; 112 NW2d 80 (1961).[8]

---

[7] An arbitration agreement lacking the requisite statutory language referencing procedures or rules that provide for the entry of judgment is a common-law arbitration agreement. *Hetrick v David A Friedman, DPM, PC*, 237 Mich App 264, 268; 602 NW2d 603 (1999), citing *Beattie, supra* at 578.

[8] Conversely, under statutory arbitration, a circuit court may only (1) confirm an arbitration award, (2) vacate the award if obtained through fraud, duress, or other undue means, or (3) modify or correct errors that are apparent on the face of the award. MCR 3.602(I), (J), and (K); *Gordon Sel-Way, supra* at 495. "It is only the kind of legal error that is evident without scrutiny of intermediate mental indicia which remains reviewable . . . ." *Detroit Automobile Inter-Ins Exch v Gavin*, 416 Mich 407, 429; 331 NW2d 418 (1982).

Paragraph 9.11 of the parties' agreement provides in relevant part that

> the ENGINEER's written decision on such claim, dispute or other matter will be final and binding upon OWNER and CONTRACTOR unless: . . . (ii) if no such Dispute Resolution Agreement has been entered into, a written notice of intention to appeal from ENGINEER's written decision is delivered by OWNER or CONTRACTOR to the other and to ENGINEER within thirty days after the date of such decision and a formal proceeding is instituted by the appealing party in a forum of competent jurisdiction *to exercise such rights or remedies as the appealing party may have with respect to such claim*, dispute or other matter in accordance with applicable Laws and Regulations within sixty days of the date of such decision . . . . [Emphasis added.]

Paragraph 9.11 of the parties' agreement does not reflect a valid agreement for binding common-law arbitration. Consistent with the rule of finality,[9] "[a]n arbitration agreement [whether common-law or statutory] is a contract by which the parties forgo their rights to proceed in civil court in lieu of submitting their dispute to a panel of arbitrators." *Beattie, supra* at 577; see, e.g., *Detroit Automobile Inter-Ins Exch v Sanford*, 141 Mich App 820, 825-826; 369 NW2d 239 (1985) ("a party to an arbitration award may not proceed in circuit court with a complaint for declaratory relief for the purpose of relitigating the same issues decided by arbitration"). In this case, given that the parties' agreement does not contain an arbitration clause or "Dispute Resolution Agreement," and expressly allows either party "to exercise such rights or remedies as the appealing party may have with respect to such claim," it

---

[9] An arbitration award must be " ' "final, complete, and coextensive with the terms of the submission." ' " *Beattie, supra* at 579 (citations omitted).

follows that the parties' agreement does not limit the scope of judicial review in a proceeding instituted by an appealing party. Thus, we conclude that the contract language does not show that the parties intended that the engineer's decision would constitute a final and binding arbitration award.

For the reasons stated, the trial court improperly granted summary disposition in favor of Florence.

We also conclude that the trial court erred in granting summary disposition in favor of Hartford. Plaintiff's complaint against Hartford asserted a specific count for breach of the maintenance and guarantee bond. This count is a separate and distinct claim from the count against Florence, but, as a matter of law, the " 'liability of the sureties is coextensive with the liability of the principal in the bond . . . .' " *In re MacDonald Estate,* 341 Mich 382, 387; 67 NW2d 227 (1954), quoting *Ward v Tinkham,* 65 Mich 695, 703; 32 NW 901 (1887); see also *Will H Hall & Son, Inc v Ace Masonry Constr, Inc,* 260 Mich App 222, 229; 677 NW2d 51 (2003). Because we have concluded that summary disposition was improperly granted in favor of Florence, it was similarly error to grant summary disposition in favor of Hartford.

Finally, plaintiff argues the trial court should have granted summary disposition in its favor under MCR 2.116(I)(2) because there is no genuine issue of material fact with respect to the liability of defendants given Florence's failure to contest the engineer's decision. We disagree. Paragraph 13.14 of the parties' contract provides:

> If CONTRACTOR fails within a reasonable time after written notice from ENGINEER to correct defective Work or to remove and replace rejected Work as required by ENGINEER in accordance with paragraph 13.13, or if

CONTRACTOR fails to perform the Work in accordance with the Contract Documents, or if CONTRACTOR fails to comply with any other provision of the Contract Documents, *OWNER may, after seven days written notice to CONTRACTOR, correct and remedy any such deficiency.* . . . All claims, costs, losses and damages incurred or sustained by OWNER in exercising such rights and remedies will be charged against CONTRACTOR and a Change Order will be issued incorporating the necessary revision in the Contract Documents with respect to the Work . . . . [Emphasis added.]

Because the record on appeal does not address the question whether plaintiff provided adequate notice to Florence before hiring another company to perform full-depth repairs, we find no error in the trial court's failure to grant summary disposition in favor of plaintiff.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.