*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOMESTIC UNIFORM RENTAL,

        Plaintiff-Appellee,

v

CUSTOM ECOLOGY OF OHIO, INC.,

        Defendant-Appellant,

and

STANSLEY INDUSTRIES, STANSLEY
INDUSTRIES, INC., OHIO NEW INDUSTRIES,
INC., and ROBERT CHENHALLS,

        Defendants.

UNPUBLISHED
December 22, 2022

No. 358591
Oakland Circuit Court
LC No. 2021-187393-CB

Before: HOOD, P.J., and SWARTZLE and REDFORD, JJ.

PER CURIAM.

Defendant, Custom Ecology of Ohio, Inc. (Custom Ecology) appeals by leave granted[1] the order of the trial court compelling arbitration in favor of plaintiff, Domestic Uniform Rental (Domestic Uniform). We reverse and remand for the trial court to determine whether an enforceable arbitration agreement existed between Custom Ecology and Domestic Uniform.

## I. BACKGROUND

This case originates from a 2013 rental agreement between Domestic Uniform and defendant Stansley Industries, Inc., and a 2015 asset purchase agreement (APA) between Stansley Industries and Custom Ecology. In late March 2013, Domestic Uniform and Stansley Industries

---

[1] *Domestic Uniform Rental v Custom Ecology of Ohio, Inc*, unpublished order of the Court of Appeals, entered February 16, 2022 (Docket No. 358591).

entered a rental agreement for office and cleaning supplies. Under the agreement, Domestic Uniform provided supplies to Stansley Industries on a weekly basis at Stansley Industries' facility at 14390 Wyoming Avenue in Detroit. Defendant Robert Chenhalls, Stansley Industries' general manager at the time, signed the contract and personally guaranteed performance on Stansley Industries' behalf. The contract had an initial term of 36 months. Thereafter, it would renew automatically for successive periods of 60 months. But Stansley Industries could cancel the contract during the last year of any term by providing written notice at least six months before the expiration of the term. The contract also contained an arbitration clause. The arbitration clause provided, in relevant part:

> In the event of any controversy or claim in excess of $10,000.00 arising out of or relating to this agreement, including but not limited to questions regarding the authority of the persons who have executed this agreement and enforcement of any guarantee that is related to this agreement, the question, controversy or dispute shall be submitted to and settled by arbitration to be held in the city closest to the city in which the branch office of the Company which serves the Customer is located.

In August 2015, Custom Ecology purchased the assets of Stansley Industries, Inc. The assets purchased included the name Stansley Industries, Inc., and the facility at 14390 Wyoming Avenue. Custom Ecology purchased Stansley Industries' assets in a cash sale for over $16 million. But Custom Ecology did not merge with or acquire all of the Stansley Industries, Inc. corporation. Under the APA, Custom Ecology assumed Stansley Industries' liabilities only under specific contracts listed in a separate document, Schedule 1.1(a). The March 2013 rental agreement between Domestic Uniform and Stansley Industries is not one of the contracts that Custom Ecology assumed under the terms of the APA. After the sale of its assets and name, Stansley Industries, Inc., amended its articles of incorporation to reflect a name change to Ohio New Industries, Inc., another defendant.

After the asset purchase, Custom Ecology continued operating the Wyoming Avenue facility. As part of that operation, it apparently continued receiving supplies from Domestic Uniform under the 2013 rental agreement. Custom Ecology timely paid Domestic Uniform for the supplies until January 2021. In January 2021, Custom Ecology decided to close the Wyoming Avenue location and, as a result, it no longer needed the supplies from Domestic Uniform for that location.

In late March 2021, Domestic Uniform filed a demand for arbitration with the American Arbitration Association. Two weeks later, it sued defendants, alleging that defendants breached the contracts between them and Domestic Uniform, and refused to recognize that the disputes between the parties were arbitrable. Domestic Uniform sought, among other relief, an order compelling arbitration. A month after filing its complaint requesting an order compelling arbitration, Domestic Uniform moved to compel arbitration, arguing that the arbitration clause in the rental agreement required all disputes arising out of, or relating to, the contract to be arbitrated. It stressed that the court could only determine whether the party seeking arbitration made a claim governed by the arbitration agreement; it could not analyze the merits of the dispute, which was for an arbitrator to decide. Domestic Uniform asserted that the arbitration clause covered every issue in the case and, accordingly, the trial court should compel arbitration.

After answering Domestic Uniform's complaint, Custom Ecology responded to the motion to compel arbitration. It asserted it was not bound by the arbitration agreement, so the court could not compel it to arbitrate. It reasoned that it was not a party to the 2013 rental agreement, had not assumed liability for the rental agreement under the 2015 APA (either explicitly or implicitly), was not in privity with Domestic Uniform, and was not a successor corporation of Stansley Industries.

After a hearing, the trial court granted Domestic Uniform's motion to compel arbitration, stating:

> At this time the court is going to grant the plaintiff's motion for the matter to be sent to arbitration. The arbitrator can certainly discern whether or not the parties that are participating are the appropriate parties and if the arbitrator decides that they're not then they will be dismissed by the arbitrator and if there is no duty or obligation on either of the defendants here, I'm assuming that the arbitrator will recognize that and will issue a decision of no cause against the plaintiff.
>
> So, please present an order, Mr. Gorman, and the court will stay this matter pending the outcome of the arbitration.

The trial court entered an order consistent with its ruling on the record. Custom Ecology then moved for reconsideration of the order compelling arbitration, which the trial court denied. Custom Ecology applied for leave to appeal the trial court's order compelling arbitration. This Court granted the application. *Domestic Uniform Rental v Custom Ecology of Ohio, Inc*, unpublished order of the Court of Appeals, entered February 16, 2022 (Docket No. 358591).

## II. STANDARD OF REVIEW

"Whether a claim is subject to arbitration is . . . reviewed de novo, as is the construction of contractual language." *Tinsley v Yatooma*, 333 Mich App 257, 261; 964 NW2d 45 (2020) (citation omitted). This Court reviews a trial court's findings of facts for clear error. *Save Our Downtown v Traverse City*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 359536); slip op at 9. "A finding is clearly erroneous when, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (citation omitted).

## III. ARBITRATION

Custom Ecology first argues that the trial court erred when it concluded that it was for the arbitrator, not the court, to decide whether an enforceable arbitration agreement existed between Custom Ecology and Domestic Uniform. We agree.

## A. LAW ON ARBITRATION

"Arbitration is a matter of contract." *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016). "[A] valid agreement must exist for arbitration to be binding." *Ferndale v Florence Cement Co*, 269 Mich App 452, 460; 712 NW2d 522 (2006). In *Lichon v Morse*, 507 Mich 424, 437; 968 NW2d 461 (2021), our Supreme Court recognized that "[a] party cannot be required to arbitrate an issue which [it] has not agreed to submit to arbitration." (Alterations in original.) "The existence of an arbitration agreement and the enforceability of its terms are judicial questions for

-3-

the court, not the arbitrators." *Fromm v Meemic Ins Co*, 264 Mich App 302, 305; 690 NW2d 528 (2004).

"[W]hen interpreting an arbitration agreement, we apply the same legal principles that govern contract interpretation." *Altobelli*, 499 Mich at 295 (citation omitted). "Our primary task is to ascertain the intent of the parties at the time they entered into the agreement, which we determine by examining the language of the agreement according to its plain and ordinary meaning." *Id*.

> The general policy of this State is favorable to arbitration. The burden is on the party seeking to avoid the agreement, not the party seeking to enforce the agreement. In deciding the threshold question of whether a dispute is arbitrable, a reviewing court must avoid analyzing the substantive merits of the dispute. If the dispute is arbitrable, the merits of the dispute are for the arbitrator. [Quotation marks and citations omitted.]

## B. ANALYSIS

### THE COURT, NOT AN ARBITRATOR, MUST DECIDE THE VALIDITY OF AN ARBITRATION AGREEMENT

It is undisputed that the 2013 rental agreement contains an arbitration clause. But the parties dispute whether Custom Ecology assumed the 2013 rental agreement—and by extension the arbitration clause—when it purchased certain assets of Stansley Industries. Schedule 1.1(a) to the APA included a list of specific liabilities that Custom Ecology assumed when it purchased Stansley Industries' assets, and the 2013 rental agreement is not included in that list. Custom Ecology continued to receive services from Domestic Uniform under the 2013 rental agreement until January 2021, so the issue is whether Custom Ecology implicitly assumed liability for the 2013 rental agreement or otherwise became bound by that agreement. Resolution of this issue— whether Custom Ecology was a party to the 2013 rental agreement, including the arbitration provision—was for the trial court to determine, not the arbitrator. See *Fromm*, 264 Mich App at 305. Accordingly, the trial court erred when it concluded that the arbitrator could "certainly discern whether or not the parties that are participating are the appropriate parties . . . ." We therefore reverse the order compelling arbitration and remand for the trial court to determine whether Custom Ecology is bound by the arbitration clause contained within the 2013 rental agreement between Domestic Uniform and Stansley Industries.

## IV. CONCLUSION

For the reasons stated above, we reverse the trial court's decision to compel arbitration and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Brock A. Swartzle
/s/ James Robert Redford