*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HEALTH PARTNERS, INC.,

        Plaintiff-Appellee,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

        Defendant-Appellant.

UNPUBLISHED
March 9, 2023

No. 359096
Ingham Circuit Court
LC No. 20-000168-NF

Before: PATEL, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

This Court recently held that the 2019 amendment to MCL 500.3145, which added a tolling provision to the one-year-back rule, does not apply retroactively. *Spine Specialists of Michigan, PC v MemberSelect Ins Co*, __ Mich App __; __ NW2d __ (2023) (Docket No. 358296). The dispute in this case concerns medical care that was provided more than one year before this action was commenced and before the effective date of the amendment. For this reason, the claims at issue in this interlocutory appeal are time barred. We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The underlying facts are undisputed. In October 2017, Kenny Skoczylas was injured in a motor vehicle accident that rendered him a quadriplegic. Plaintiff Health Partners provided 24/7 home health aides and skilled nursing services for Kenny's injuries. The bills were then submitted to Defendant Progressive for payment. Progressive withheld payment for some of the claims. This appeal concerns claims that were submitted from December 30, 2017, through March 10, 2019.

In response to the claims submitted, Progressive issued "Explanation of Benefits" (EOB) statements that contained a provision inviting the insured to submit additional information. Health Partners argues that these EOBs were not a "formal denial" of the claims. Despite requesting and receiving further information, Progressive nonetheless did not pay the contested claims. On March 10, 2020, Kenny's legal guardian executed an assignment allowing Health Partners to file suit against Progressive for payment. Health Partners initiated suit the next day, on March 11, 2020.

-1-

After initial discovery, Progressive moved for partial summary disposition under MCR 2.116(C)(7) and (C)(10). Progressive argued that any claim for benefits prior to March 11, 2019, was barred by the one-year-back rule, which provides that "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." MCL 500.3145(1).[1] Progressive further argued that the pre-2019 amended version of the statute is applicable to this case. Health Partners disagreed and argued that the amended version of MCL 500.3145 applied. Although the amended statute contains the same one-year back language, it additionally now tolls the one-year-back rule "until the date the insurer formally denies the claim." MCL 500.3145(3). Health partners asked the court to deny the motion because there were factual disputes as to whether Progressive formally denied the claims, thus tolling the application of the one-year-back rule under the amended statute. With tolling, the complaint was timely.

The trial court agreed that the amended statute applied and denied Progressive's motion for summary disposition. The court reasoned that there were genuine issues of material fact whether Progressive formally denied the at-issue claims, precluding summary disposition. The court denied a timely motion for reconsideration. Progressive filed an application for leave to appeal to this Court, which was granted.[2]

## II. STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159, 934 NW2d 665 (2019). We also review issues of statutory interpretation de novo. *People v Zajaczkowski*, 493 Mich 6, 12, 825 NW2d 554 (2012).

Under MCR 2.116(C)(7), summary disposition is warranted when a claim is barred by the applicable statute of limitations. *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 288; 731 NW2d 29 (2007). Additional documentary evidence beyond the pleadings may be submitted by the parties, but is not required; if provided, such evidence must be considered. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Whether a statute of limitations applies in a case is a question of law we review de novo. *Ferndale v Florence Cement Co*, 269 Mich App 452, 457; 712 NW2d 522 (2006). In contrast, motions under MCR 2.116(C)(8) "test[ ] the legal sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159. "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id.* at 160.

MCR 2.116(C)(10) provides that summary disposition is appropriate when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought under MCR

---

[1] The identical one-year back language is now contained within MCL 500.3145(2) following the 2019 amendment.

[2] *Health Partners, Inc v Progressive Michigan Ins Co*, unpublished order of the Court of Appeals, entered March 18, 2022 (Docket No. 359096).

2.116(C)(10) tests the factual support for a party's action. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013).

## III. ANALYSIS

MCL 500.3145, known as the one-year-back rule, "is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 203; 815 NW2d 412 (2012). "Until 2005, Michigan courts interpreted the one-year-back rule to incorporate a judicially created tolling provision that remained in effect until a no-fault claim was formally denied by the insurer." *Encompass Healthcare, PLLC v Citizens Ins Co*, ___ Mich App __; __ NW2d __ (2022) (Docket No. 357225); slip op at 5. "Our Supreme Court eradicated this judicial tolling of the one-year-back rule in *Devillers v Auto Club Ins Ass'n*, 473 Mich 562; 702 NW2d 539 (2005), holding that because the statute did not include a tolling mechanism, none could be engrafted." *Id.* at __; slip op at 1. "In 2019, however, the Legislature amended the no-fault act by adding a tolling provision. Now, the one-year-back period is tolled until the date of the insurer's formal denial of a claim." *Id.*

Before its amendment, MCL 500.3145(1), provided, in relevant part:

An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. . . .

MCL 500.3145 was amended by 2019 PA 21, effective June 11, 2019, and now provides, in relevant part:

(2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

(3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim. This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence. [MCL 500.3145(2), (3).]

This appeal concerns bills for care that were incurred from December 30, 2017, through March 10, 2019; the complaint was filed on March 11, 2020. "PIP benefits accrue when they are

incurred, MCL 500.3110(4), and are incurred when the insured receives medical treatment and becomes obligated to pay." *Spine Specialists,* __ Mich App at __; slip op at 5. It is therefore undisputed that the "loss incurred more than 1 year before the date on which the action was commenced." The issue in this case is whether Health Partners can rely on the tolling provision added in the amended version of § 3145, even though the bills were incurred before the effective date of the amendment.

This Court recently resolved this issue in *Spine Specialists*, and held that the amendments to § 3145 do not apply retroactively to claims that accrued before June 10, 2019, the effective date of the amendments. *Id.* at __; slip op at 5. Citing *Andary v USAA Casualty Ins Co*, __ Mich App __; __ NW2d __ (2022), this Court reasoned that "[i]n the absence of any Legislative statement of retroactive application, and in light of the presumption against retroactive application of a statutory amendment . . . the amendment to MCL 500.3145 does not apply retroactively." *Spine Specialists,* __ Mich App at __; slip op at 3-4.

*Spine Specialists* is directly applicable to the facts of this case and is binding. See MCR 7.215(C)(2). The pre-amendment version of § 3145 applies to the claims at issue here, which were incurred from December 2017 through March 10, 2019. Plaintiff cannot rely on the tolling provision in the amended statute and the at-issue claims are time barred.

Health Partners argues that this Court should not apply *Spine Specialists*, and, instead, relies on *Encompass Healthcare* for the proposition that the amended statute applies to losses incurred before June 10, 2019. Because *Encompass Healthcare* was released prior to *Spine Specialists*, Health Partners argues that it should control the outcome of this case. We disagree.

*Encompass Healthcare,* like *Spine Specialists*, and this case, dealt with medical care provided before June 10, 2019 (the effective date of the amended statute), the one-year-back rule, and the amended version of § 3145. The distinction, however, is that the parties in *Encompass Healthcare* did not dispute that the amended statute—with the tolling provision—applied. The tolling provision provides, in relevant part: "A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim." MCL 500.3145(3). Because the parties did not raise it, this Court never reached the issue of retroactive application of the amended statute in *Encompass Healthcare*. Instead, the parties disputed, and this Court decided, whether the defendant had "formally denied" the plaintiff's claims. This Court held that the claims were never formally denied because the defendant "did not provide the explicit and unequivocal expression of finality required to constitute formal denials[.]" *Encompass Healthcare*, __ Mich App at __; slip op at 7. This Court concluded that, because there was never a formal denial, the one-year-back rule was tolled. *Id.* at __; slip op at 7.

Unlike the parties in *Encompass Healthcare*, the parties in *Spine Specialists* did raise the issue of whether the amended statute applies retroactively. We are bound by that decision.

We note that this Court concluded in *Encompass Healthcare* that the:

amendments to MCL 500.3145, particularly the addition of Subsection (3), act to supersede our Supreme Court's ruling in *Devillers* and return the state of law to that

-4-

provided in *Lewis* [*v Detroit Auto Inter-Ins Exch*, 426 Mich 93; 393 NW2d 167 (1986)] and its progeny. Critically, the tolling exception adopted in MCL 500.3145(3) is identical to that embraced in the cases overruled, demonstrating the Legislature's intent to impose a tolling exception to the one-year-back rule in the form it existed before *Devillers*. [*Encompass Healthcare,* __ Mich App at __; slip op at 6-7.]

The impact of the amendment was to reinstate the judicial equitable tolling doctrine that was in place before *Devillers*. "Michigan courts have recognized that statutory amendments directed at a particular judicial decision can be remedial in nature by reinstating the state of the law as it existed prior to the judicial decision." *Encompass Healthcare,* __ Mich App at __; slip op at 4 (cleaned up). "[A] statute that can be characterized as merely remedial or procedural should generally be given retroactive application." *Buhl v City of Oak Park*, 507 Mich 236, 247; 968 NW2d 348 (2021).

*Spine Specialists* did not address the impact of the holding in *Encompass Healthcare* that the amendment to MCL 500.3145 is remedial in nature, or whether the remedial nature of the amendment makes it retroactive. We recognize that there is arguably some tension between the holding in *Spine Specialists* and *Encompass Healthcare*. This is, however, an issue for the Supreme Court to clarify.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro