*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROGER MAUFORT,

        Plaintiff-Appellant,

v

PAYPAL, INC., doing business as a licensed
Michigan Money Transmitter,

        Defendant-Appellee.

UNPUBLISHED
February 29, 2024

No. 366527
Jackson Circuit Court
LC No. 23-503 CB

Before: FEENEY, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Plaintiff, Roger Maufort, opened an account with defendant, PayPal, Inc. (PayPal). When he did so, plaintiff agreed to arbitrate all disputes with defendant arising from the PayPal account. On March 13, 2020, defendant allegedly transferred $11,305.04 from plaintiff's account to pay for liquidated damages that defendant assessed against plaintiff for violations of the PayPal terms of service. In response, plaintiff filed a complaint against defendant alleging conversion and statutory claims under Michigan law, but defendant obtained summary disposition under MCR 2.116(C)(7) based on plaintiff's agreement to arbitrate the dispute. The trial court ruled that plaintiff's claims must be arbitrated, and the trial court memorialized that ruling in an order entered on June 1, 2023. Plaintiff appealed of right, asserting that he is entitled to revoke the arbitration agreement because defendant failed to comply with a notice-of-dispute provision contained in the parties' agreement. We affirm.

## I. FACTUAL BACKGROUND

Plaintiff does business individually and as the sole member of a limited liability company, The Seed Cellar, which is a cannabis seed bank that sells cannabis sativa L seed, which is federally described as hemp. As part of his business, plaintiff opened a PayPal account. Defendant accused plaintiff of violating the PayPal terms of service and retained $11,305.04 from plaintiff's account for the purpose of recovering liquidated damages that defendant assessed for plaintiff's purported misuse of his PayPal account. That prompted plaintiff to file this suit in 2023 accusing defendant of engaging in conversion and violating several Michigan statutes.

-1-

Defendant moved for summary disposition under MCR 2.116(C)(7), contending that all of plaintiff's claims must be resolved in arbitration, as opposed to litigation, because of the arbitration agreement between the parties. Despite plaintiff's objections to arbitration, the trial court granted defendant's motion, explaining that "[p]laintiff's claims are subject to an agreement to arbitrate." Plaintiff thereafter appealed that decision of right.

## II. LEGAL ANALYSIS

On appeal, plaintiff concedes that he agreed to arbitrate his disputes with defendant, but he asserts that defendant's actions gave him the right to rescind that arbitration agreement. We review de novo a ruling on a motion for summary disposition brought under MCR 2.116(C)(7). *Altobelli v Hartmann*, 499 Mich 284, 294-295; 884 NW2d 537 (2016). "Under MCR 2.116(C)(7), summary disposition is appropriate if a claim is barred because of 'an agreement to arbitrate[.]' " *Id*. at 295. "Whether an arbitration agreement exists and is enforceable is a question for the court that is . . . reviewed de novo." *Hicks v EPI Printers, Inc*, 267 Mich App 79, 84; 702 NW2d 883 (2005).

"Arbitration is a matter of contract." *Altobelli*, 499 Mich at 295. A "valid agreement must exist for arbitration to be binding." *Ferndale v Florence Cement Co*, 269 Mich App 452, 460; 712 NW2d 522 (2006). Here, neither side disputes that the parties entered into an arbitration agreement when plaintiff opened his PayPal account. Thus, as a threshold matter, the parties' dispute appears destined for arbitration, rather than resolution through litigation. But plaintiff contends he has the right to rescind the otherwise-enforceable arbitration agreement because of defendant's misdeeds. Specifically, plaintiff claims that defendant gave him no notice or explanation before taking the money from his PayPal account, contrary to a notice-of-dispute provision purportedly set forth in the governing arbitration agreement. Plaintiff criticizes the trial court for deferring to the arbitrator to consider which version of the PayPal arbitration agreement—the one from 2019 or the one that is currently in effect—governs this dispute and whether defendant breached the notice-of-dispute provision of the governing arbitration agreement.

Defendant concedes that the current version of the parties' arbitration agreement contains a notice-of-dispute provision, but defendant points out that no such provision was contained in the arbitration agreement in 2019 when defendant took action against plaintiff's PayPal account. In addition, defendant explains that it simply froze plaintiff's PayPal account for six months starting on October 22, 2019, before eventually taking action in 2020 to collect the disputed money from the account as liquidated damages for plaintiff's violation of the PayPal terms of service. Finally, defendant insists that no matter which iteration of the arbitration agreement governs the parties' dispute, the trial court correctly ruled that plaintiff cannot avoid arbitration of his claims.

The notice-of-dispute provision on which plaintiff relies begins with the explanation that, "[b]efore bringing any dispute or claim, you or PayPal must first send the other party, by certified mail, a completed Notice of Dispute." Then, "[i]f you and PayPal are unable to resolve the claims described in the notice within 45 days after the notice is received by you or PayPal, you or PayPal may commence an arbitration proceeding or suit in small claims court." In other words, a notice-of-dispute form is a precondition to "an arbitration proceeding or suit in small claims court[,]" but not to the assessment of liquidated damages. A PayPal user dissatisfied with such an assessment may be obligated to provide defendant with a notice-of-dispute form before demanding arbitration or filing suit in small claims court, but the notice-of-dispute obligation is not triggered by unilateral

action on defendant's part that neither invokes arbitration nor launches civil litigation.  Therefore, defendant's failure to provide plaintiff with a notice-of-dispute form has no bearing on the parties' contractual obligation to arbitrate, rather than litigate, their disputes.  Simply put, plaintiff is bound by the parties' arbitration agreement to seek resolution of his claims through arbitration.

Affirmed.

/s/ Kathleen A. Feeney
/s/ James Robert Redford
/s/ Christopher P. Yates